IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM PARKER

    Plaintiff,

    v.

EDWARD C. GAINEY,
CITY OF PITTSBURGH,
BETHANY HALLAM,
OFFICER MICHAEL GAY,
OFFICER LARRY SCIROTTO,
OFFICER KERRY FORD,
OFFICER FERRILLI

    Defendant(s),

#4
fee paid

2:23-CV-2102
BO66

COMPLAINT IN CIVIL ACTION

**FILED**

DEC 13 2023

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

**Counsel of Record for Plaintiff:**
William Parker, PRO SE
4808 Brown Way
Pittsburgh, PA 15224
Email: Parkerlegal412@gmail.com

Date: 12/13/2023

**JURY TRIAL DEMANDED**

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (21) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU SHOULD NOT HAVE A LAWYER OR CANNOT AFFORD ONE , GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE Allegheny County Bar Association 4th Floor Koppers Building 436 Seventh Avenue Pittsburgh, PA 15219 Telephone: (412) 261-6161

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM PARKER

        Plaintiff,

        v.

EDWARD C. GAINEY,                          **JURY TRIAL DEMANDED**
CITY OF PITTSBURGH,
BETHANY HALLAM,
OFFICER MICHAEL GAY,
OFFICER LARRY SCIROTTO,
OFFICER KERRY FORD,
OFFICER FERRILLI

        Defendant(s),

## COMPLAINT IN CIVIL ACTION

### I. INTRODUCTION

1. This action is brought on behalf of the plaintiff, William Parker arising from an incident that occurred on June 17, 2023, when the defendants, individually, and acting in concert with one another, falsely arrested the plaintiff, and filed false criminal charges against him, including bogus and serious felony assault and four disorderly conduct charges. The arrest and criminal charges were not supported by probable cause, and all of the baseless criminal charges brought against the plaintiff William Parker were withdrawn. The acts of the individual defendants were carried out in accordance with the custom, policies, practices, or procedures of the defendant City of Pittsburgh. As a result of the defendants' conduct, the plaintiff suffered personal injury, damage to his reputation, emotional distress, embarrassment, and humiliation. Plaintiff is entitled to recover damages for such injuries, and for the violation of his first, fourth and fourteenth amendment constitutional rights as made actionable pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C.§ 1983.

## II. JURISDICTION

2. This action is brought pursuant to the Civil Rights Act of 1871 as amended 42 U.S.C. §1983. This Court has jurisdiction over these claims under 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4)

## III. PARTIES

3. Plaintiff William Parker is an adult individual residing in Pittsburgh, PA, County of Allegheny, Commonwealth Pennsylvania.

4. Defendants, Officer Scirotto, Officer Kerry Ford, Officer Michael Gay and Officer Ferrilli were at all times relevant City of Pittsburgh police officers and/or employees, who are believed to reside in the City of Pittsburgh, Allegheny County, Commonwealth Pennsylvania, who were acting under color of state law, and in accordance with the practices, policies and/or procedures of the City of Pittsburgh Bureau of Police when such defendants violated plaintiff's first and fourth amendment constitutional rights to be free from retaliation for protected speech and to be free from unreasonable seizures, the use of excessive force, and/or the filing of false and/or malicious criminal prosecutions;

5. Defendant City of Pittsburgh is a City of the second class located within the Allegheny County, Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, PA 15219. The violations of the plaintiff's First and Fourth Amendment constitutional rights resulted from and/or were approximately caused by this defendant's custom, policies or practices which the Officer defendants followed in violating plaintiff's constitutional rights.

6. Defendants' Edward C. Gainey and Bethany Hallam were at all times relevant elected public officials, who are believed to reside in the City of Pittsburgh, Allegheny County, Commonwealth Pennsylvania. The violations of the plaintiff's constitutional rights resulted from and/or were approximately caused by these defendant's.

IV. FACTUAL ALLEGATIONS

7. On Saturday June 17, 2023, plaintiff was non-violently and peacefully protesting against the defendant Edward C. Gainey who is the Mayor of Pittsburgh, PA for eliminating a multi-million dollar Basic Income Pilot that was supposed to help low income Black Women in the City of Pittsburgh, PA. Additionally, the plaintiff protested against the defendant Edward C. Gainey because the plaintiff believes that the defendant Edward C. Gainey has failed to support and invest in local Black Businesses and Black Technology Startup companies in Pittsburgh, PA as Mayor of the city. The plaintiff also protested against the defendant Edward C. Gainey for what the plaintiff believed to be a lack of support for the Black organizers of the Juneteenth Parade who were previously faced with a potential cancellation of the event, and for withholding over three million dollars in Covid-19 small business grants which have now been completely eliminated from the City of Pittsburgh's American Rescue Plan funding spend.

8. The plaintiff's peaceful protest had taken place during a Juneteenth parade near the intersection of Centre Avenue and Crawford Street at or around 11:15 am in the Lower Hill District area which is near the downtown area of the City of Pittsburgh, PA.

9. The plaintiff was wearing a pull over thin fleece hoodie and slim fitting blue jeans, it was obvious that the plaintiff was unarmed and posed no threat of harm to himself or others, including any police officers.

10. As the plaintiff protested, he was aggressively approached and pushed by an individual male in plain clothes who never identified himself to the plaintiff. The plaintiff eventually discovered through the criminal complaint filed against the plaintiff that the person in plain clothes who aggressively pushed the plaintiff was defendant Officer Kerry Ford who was working as a bodyguard for the defendant Edward C. Gainey. The defendant Officer Kerry Ford caused the plaintiff to stumble backward when he pushed the plaintiff and the plaintiff almost lost his balance and fell on the ground. The plaintiff regained his balance and continued to verbally protest against the

defendant Edward C. Gainey from a distance as the plaintiff continued to walk down the street.

11. Soon after, the defendant Officer Michael Gay began to follow close behind the plaintiff, running into the plaintiff several times as the plaintiff walked down Centre Avenue continuing to protest. Although the defendant Officer Michael Gay never verbally identified himself to the plaintiff, the plaintiff recognized the defendant Officer Michael Gay as a bodyguard for the defendant Edward C. Gainey by his face. The plaintiff eventually discovered through the criminal complaint filed against the plaintiff that the defendant, Officer Michael Gay, was in fact, a police officer for the City of Pittsburgh, PA.

12. The plaintiff was then intentionally bumped several times with a great deal of force in his right shoulder by defendant Bethany Hallam. The plaintiff perceived the actions of defendant Bethany Hallam as an attack against the plaintiff for protesting against defendant Edward C. Gainey. The plaintiff then yelled out and asked the defendant Bethany Hallam to stop violently bumping into the plaintiff's right shoulder.

13. After the defendant Officer Michael Gay heard the plaintiff ask the defendant Bethany Hallam to stop bumping the plaintiff, the defendant Officer Michael Gay ran up from behind the plaintiff and bumped the plaintiff himself causing the plaintiff to be knocked off balance and almost caused the plaintiff to trip over an orange construction sign that had been placed on the center barrier that divided the traffic lanes. Then the defendant Officer Michael Gay got in the plaintiff's face and prevented the plaintiff from moving forward and said to the plaintiff "I'm bumping you now, what are you going to do about it?" and the plaintiff replied "nothing."

14. The plaintiff then looked over the defendant Officer Michael Gay's shoulder and I could see another man who was dressed in all black plain clothes as he started to walk up to both the plaintiff and defendant Officer Michael Gay, and the unknown man said "take him down to the ground now, arrest him." The plaintiff eventually discovered that the unknown man who ordered the plaintiff's unlawful arrest was defendant Officer Larry Scirotto who is now the Chief of Police for the City of Pittsburgh, PA.

15. The defendant Officer Kerry Ford then ran over and aggressively kicked the plaintiff's feet from under him and excessively slammed the plaintiff to the ground injuring both of the plaintiff's knees and the side of his head. The defendant Officer Kerry Ford then applied all of his body weight combined with the body weight of the defendant Officer Michael Gay who is estimated to weigh over three hundred pounds himself, on top of the plaintiff while the plaintiff laid down on the ground. The force used by defendants was unnecessary and excessive, as plaintiff was peacefully protesting and posed no threat of harm to himself, others, or any police officers.

16. The defendants' Officer Larry Scirotto, Officer Kerry Ford and Officer Michael Gay then forcibly placed the plaintiff's hands behind his back and tightly handcuffed them together. The plaintiff was then pulled up from the ground by the defendant Officer Larry Scirotto and escorted across the street alongside defendants' Officer Kerry Ford and Michael Gay.

17. While the plaintiff was being escorted across the street the defendant Officer Larry Scirotto repeatedly said to the plaintiff "the show is over now bitch" implying that the plaintiff was being arrested for protesting against defendant Edward C. Gainey.

18. At no time did any of the arresting officers who are the defendants named in this lawsuit identify themselves to the plaintiff or tell the plaintiff what he was being arrested for before or after the plaintiff's arrest on June 17, 2023.

19. Soon after, two more Pittsburgh Police officers arrived. The plaintiff eventually discovered through the criminal complaint against him that those two officers were Pittsburgh Police Officers Novak and Ferrilli. After the plaintiff had been physically searched Officer Ferrilli began to twist the plaintiff's arm excessively for no reason while the plaintiff was standing still. The plaintiff told defendant Officer Ferrilli that he was hurting the plaintiff and repeatedly asked him to stop.

20. The plaintiff was then subsequently taken into custody and transported to the Allegheny County Jail by the Pittsburgh Police.

21. The plaintiff was informed after being incarcerated for about 15 hours in the Allegheny County Jail by an arraignment Judge of the criminal charges filed against him for the first time since the plaintiff's unlawful arrest.

22. The plaintiff was falsely charged with felony assault and four disorderly conducts.

23. All charges against the plaintiff were withdrawn on June 26, 2023 before the plaintiff was scheduled to appear before a Judge on July 6, 2023, for a preliminary hearing.

24. The plaintiff never assaulted anyone during his protest on June 17, 2023, and was never advised of breaking any laws before or after he was arrested by the defendants named in this lawsuit.

25. In order to justify the retaliation and the unnecessary and excessive use of force, false criminal charges were filed against the plaintiff, including felony assault and four disorderly conducts.

26. The charges filed against the plaintiff were based upon false accusations, as the individually-named defendants did not have reason to believe and/or probable cause to believe that such criminal offenses had been committed by the plaintiff;

27. The affidavit of probable cause filed in support of the false criminal charges was completed by the defendant Officer Kelley Ford who had not personally witnessed the altercation between the plaintiff and defendants' Bethany Hallam and Michael Gay. It would have been more suitable for the defendant Officer Michael Gay to submit an affidavit to try to justify the wholesale arrest of the plaintiff, if in fact, a crime had been committed against him as alleged, as the defendant Officer Michael Gay would have been able to give first hand knowledge as to what led to the plaintiffs arrest, but he chose not to.

28. In the affidavit of probable cause, it was falsely alleged that the plaintiff assaulted the defendant Officer Michael Gay and defendant Bethany Hallam.

29. The individual defendant officers knew that the City's policy authorizing an officer to file an affidavit of probable cause containing allegations unrelated to the citizen accused of a crime based upon that affidavit, allowed them to arrest citizens without having to account for such arrest by swearing under oath to facts supporting the arrest or the force used.

30. Additionally, a few days after the plaintiff's unlawful arrest the plaintiff discovered that the defendant Officer Larry Scirotto had not been certified by the State of Pennsylvania at the time of the plaintiff's unlawful arrest when he gave the order to have the plaintiff arrested and assisted in the arrest of the plaintiff, moreover, the defendant Officer Larry Scirotto was not authorized to participate in the plaintiff's arrest and acted outside of his authority.

31. As a direct result of the defendants' conduct, plaintiff suffered physical injuries, emotional distress, embarrassment, humiliation and damage to his reputation;

32. As a direct result of the defendants' conduct, plaintiff has and/or may require medical care and treatment and incur medical expenses for any such care and/or Treatment.

33. As a condition of the plaintiff being released from the Allegheny County Jail on non-monetary bond the plaintiff was issued a no contact order by the arraignment judge and instructed not to have any direct or indirect contact with defendant Edward C. Gainey or defendant Bethany Hallam.

## V. CAUSES OF ACTION

**Fourth Amendment Use of Excessive Force**

A. William Parker v. City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay and Officer Ferrilli.

34. Plaintiff incorporates herein by reference paragraphs 1 through 33 as if herein fully set forth;

35. The defendants Officer Kelly Ford, Officer Michael Gay, Officer Larry Scirotto, Officer Ferrilli use of force

against the plaintiff, including aggressively slamming the plaintiff to the ground, forcibly handcuffing the plaintiff and twisting his arm, was unreasonable and excessive as plaintiff was not, and had not, engaged in any conduct justifying the use of such force;

WHEREFORE, plaintiff requests judgment in his favor against these defendants for both compensatory and punitive damages, an award of attorney's fees and costs and such other relief as the Court may deem just and equitable under the circumstances;

**Fourth Amendment False Arrest**

B. William Parker v. City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay.

36. Plaintiff incorporates herein by reference paragraphs 1 through 35 as if herein fully set forth;

37. The defendants Officer Kelly Ford, Officer Michael Gay, Officer Larry Scirotto arrested the plaintiff without reason to believe and/or suspect that he had committed a criminal offense justifying any such arrest;

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

**Fourth Amendment Malicious Prosecution**

C. William Parker v. City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay, Edward C. Gainey and Bethany Hallam.

38. Plaintiff incorporates herein by reference paragraphs 1 through 37 as if herein fully set forth;

39. The defendants City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay, Edward C. Gainey and Bethany Hallam filed and/or participated in the filing of criminal charges against the plaintiff which were not supported by probable cause and were based upon false accusations made by these defendants that plaintiff had engaged in criminal activity, including false allegations that the plaintiff assaulted defendants Officer

Michael Gay and Bethany Hallam and/or engaged in disorderly conduct;

40. The defendants filed an/or participated in the filing of false criminal charges against the plaintiff with malice and/or for reasons other than bringing the plaintiff to justice;

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

**First Amendment Retaliation**

D. William Parker v. City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay, Edward C. Gainey and Bethany Hallam.

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 as if herein fully set forth;

42. The defendants' use of excessive force (as to the City of Pittsburgh, Officer Kelly Ford, Officer Michael Gay and Officer Larry Scirotto), false arrest, and malicious prosecution were motivated by an animus towards the plaintiff and were otherwise in retaliation for his first amendment protected speech.

43. The defendant Bethany Hallam negligent actions in which she intentionally bumped the plaintiff several times with a great deal of force in his right shoulder were motivated by an animus towards the plaintiff and were otherwise in retaliation for his first amendment protected speech and caused the plaintiff to be unlawfully arrested and falsely charged with assault and disorderly conduct.

44. The defendant Edward C. Gainey actions of allowing his bodyguards to unlawfully arrest and falsely charge the plaintiff with crimes that he knew and or should have known the plaintiff did not commit were motivated by an animus towards the plaintiff and were otherwise in retaliation for his first amendment protected speech.

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and

punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

**First Amendment (retaliation for protected First Amendment activity)**

**Fourth Amendment (use of force, false arrest, malicious prosecution)**

**Fourteenth Amendment (failure to train, discipline and/or supervise)**

E. William Parker v. City of Pittsburgh, Officer Larry Scirotto, Officer Kelly Ford, Officer Michael Gay, Edward C. Gainey.

45. Plaintiff incorporates herein by reference paragraphs 1 through 44 as if herein fully set forth;

46. The defendant City of Pittsburgh, through its Bureau of Police and Office of the Solicitor has a practice and/or policy of acquiescing in police misconduct including failing and/or refusing to discipline officers adjudged to have violated citizens' constitutional rights; promoting to supervisory ranks officers who have been adjudged to have violated citizen's constitutional rights; participating in the defense of and otherwise defending City of Pittsburgh police officers accused of violating citizens' constitutional rights, when the City knows, has reason to believe, and/or has otherwise concluded that the officer's conduct was abusive and/or rose to the level of a crime, was carried out with malice, and/or rose to the level of willful misconduct;

47. The defendant City of Pittsburgh has a custom, policy or practice of using standard form affidavits to justify the arrest and filing of criminal charges against citizens engaged in peaceful protests where the officer swearing to the truth of the allegations set forth in the affidavit in reality has no knowledge of the facts supporting the charges and where the officers who initiated the arrests are accordingly not required to swear to the truth of the allegations supporting the citizen's arrest, the filing of charges against that citizen, or the use of any force in carrying out the arrest;

48. The defendant City of Pittsburgh was on notice, and was otherwise aware, that the plaintiff had never harmed

himself or anyone else during any of his peaceful protests and used unnecessary and excessive force in response to such protests, filed criminal charges for which there was no reason to believe or suspect that a criminal offense had been committed, and retaliated against citizens on account of protected first amendment activity, and despite such knowledge failed to protect citizens from the violation of their constitutional rights and/or otherwise acquiesced in such unconstitutional behavior;

49. The defendant City of Pittsburgh was on notice, and/or was otherwise aware that the plaintiff had previously held several peaceful protests against the defendant Edward C. Gainey and despite such notice and/or knowledge failed to properly train and/or supervise its police officers in responding to such protests, including failing to train and/or supervise its officers on when and what force to use when responding to citizens protests, failing to train and/or supervise its officers on how to disperse citizen protesters, in failing to train and/or supervise its police officers in exercising restraint when confronted by citizens who choose to peacefully protest;

50. The defendant City of Pittsburgh was aware or should have been aware that defendant Officer Larry Scirotto had not been certified by the State of Pennsylvania, therefore he should have been prohibited from operating in his full capacity as Chief of Police and should not have been allowed to cause and or order the plaintiff's unlawful arrest or assist in it or the further investigation thereof.

51. The defendant City of Pittsburgh's custom policies and practices as hereinbefore described were the moving force behind the violation of the plaintiff's first, fourth, and fourteenth amendment constitutional rights.

WHEREFORE, plaintiff requests judgment against these defendants in his favor for both compensatory and punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem just and equitable under the circumstances;

## DEMAND FOR JURY TRIAL

Plaintiff William Parker demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all

issues so triable.

Respectfully submitted,

By: William Parker, Pro Se Plaintiff

Date: 12/13/2023          12/13/2023

## VERIFICATION

I William Parker, hereby verify that the statements set forth in this Complaint In Civil Action are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsifications to Authorities.

Respectfully submitted,

By: <u>William Parker, Pro Se Plaintiff</u>

Date: 12/13/2023