IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PARKER, | ) |
| Plaintiff, | ) No. 2:23-cv-2102 |
| v. | ) JURY TRIAL DEMANDED |
| EDWARD C. GAINEY, et al., | ) |
| Defendants. | ) |

**DEFENDANT CITY OF PITTSBURGH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

1. Mr. Parker filed suit against the City of Pittsburgh ("City") and individual defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1).

2. Construing Mr. Parker's Complaint broadly, the City believes Mr. Parker is asserting the following claims against the City:

   a. Fourth Amendment excessive force under a theory of *respondeat superior*;

   b. Fourth Amendment false arrest under a theory of *respondeat superior*;

   c. Fourth Amendment malicious prosecution under a theory of *respondeat superior*;

   d. Fourth Amendment retaliation under a theory of *respondeat superior*;

   e. *Monell* claim alleging unconstitutional policies or customs; and

   f. *Monell* claim alleging a failure to train, discipline, and supervise employees.

3. Mr. Parker's claims against the City under a theory of *respondeat superior* should be dismissed because a municipality cannot be vicariously liable for the acts of its employees under 42 U.S.C. § 1983.

4. Mr. Parker's *Monell* claim against the City on the basis of City policies should be dismissed because the Complaint does not contain any facts showing a municipal policymaker was responsible for the alleged policies at issue.

5. Mr. Parker's *Monell* claim against the City on the basis of City customs should be dismissed because the Complaint does not point to any other incidents showing pervasive or widespread constitutional violations. Furthermore, Mr. Parker also fails to connect the alleged customs to a municipal policy.

6. Mr. Parker's *Monell* claim against the City on the basis of its alleged failure to train, discipline, or supervise its employees fails because the Complaint does not contain facts showing that the City was deliberately indifferent to citizens' rights.

7. Mr. Parker's *Monell* claims, brought under any theory of *Monell* liability, also fail because Mr. Parker does not plead facts showing a causal connection between any act or inaction of the City and his alleged injuries.

8. The City respectfully requests that this Court dismiss all claims against it in Mr. Parker's Complaint as legally insufficient, as explained in further detail in his Brief accompanying this motion.

9. A proposed order is attached.

Respectfully submitted:

KRYSIA KUBIAK
City Solicitor

*/s/ Hillary M. Weaver, Esq.*
Hillary M. Weaver, Esq.
Assistant City Solicitor
PA ID No. 322545

*/s/ Julie E. Koren, Esq.*
Julie E. Koren, Esq.
Associate City Solicitor
PA ID No. 309642

City of Pittsburgh Law Department
414 Grant Street
Pittsburgh, PA 15219
Hillary.Weaver@pittsburghpa.gov
Julie.Koren@pittsburghpa.gov
*Counsel for Defendant City of Pittsburgh*