# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PARKER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BETHANY HALLAM, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-2102<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF CONFERRAL

Undersigned counsel for Defendant Bethany Hallam certifies that he and the Defendant have made good faith efforts to confer with Mr. Parker to determine whether the identified pleading deficiencies may be cured by amendment.

Defendant has personally advised Mr. Parker that she, as an Allegheny County elected official, had nothing to do with the circumstances complained of in the complaint filed by Mr. Parker. Attempts have been made to persuade Mr. Parker that Defendant Hallam should not be a party to this lawsuit since she no control whatsoever over the City of Pittsburgh, its police department, and its employees. Mr. Parker has been told that Defendant Hallam could have played no part in the circumstances about which he complains in this lawsuit. Undersigned counsel has also attempted to confer with Mr. Parker via telephone about these matters. However, those attempts proved unsuccessful, necessitating the filing of the Motion within the deadline established by the date of service of the complaint.

Respectfully Submitted,

*Brad R. Korinski /s/*
Brad R. Korinski, Esq.
PA ID No. 86831

Bennington Law Firm, LLC
5854 Ellsworth Avenue
Pittsburgh, PA 15232
(412) 760-7848
bkorinski@bennington-law.com
Counsel for Defendant Bethany Hallam

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PARKER, | )<br>)<br>) No. 2:23-cv-2102 |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) JURY TRIAL DEMANDED |
| BETHANY HALLAM, et al., | )<br>) |
| Defendants. | ) |

### DEFENDANT BETHANY HALLAM'S MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

1. Mr. Parker instituted suit against the City of Pittsburgh, the Mayor of the City of Pittsburgh, several City of Pittsburgh Police Officers, and Defendant Hallam alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

2. Mr. Parker's allegations stem from his interactions with and his eventual arrest by the City of Pittsburgh Police.

3. Defendant Hallam is not an elected official with the City of Pittsburgh. Nor is Defendant Hallam an employee of the City of Pittsburgh. Defendant Hallam is for all times relevant a member of Allegheny County Council. As both a matter of law and fact, Defendant Hallam had no influence or involvement in the circumstances complained of by Mr. Parker.

4. As a County elected official (member of County Council), Defendant Hallam could not have deprived Mr. Parker of his constitutional rights as set forth by Mr. Parker in his Complaint.

5. It appears that Mr. Parker is seeking to recover under the following legal theories, none of which can pertain to Defendant Hallam.

    a. Fourth Amendment excessive force under a theory of *respondeat superior*.

      b.      Fourth Amendment false arrest under a theory of *respondeat superior*.

      c.      Fourth Amendment malicious prosecution under a theory of *respondeat superior*.

      d.      Fourth Amendment retaliation under a theory of *respondeat superior*.

      e.      *Monell* claim alleging unconstitutional policies or customs.

      f.      *Monell* claim alleging a failure to train, discipline, and supervise employees.

4.    Defendant Hallam cannot, as a matter of law, be responsible for any of the harm alleged by Mr. Parker or the contended improper conduct by the City of Pittsburgh.

5.    All claims asserted against Defendant Hallam are derivative to those lodged against the City of Pittsburgh. To the extent Mr. Parker's claims against the City of Pittsburgh are determined to be legally insufficient, his claims against Defendant Hallam must fail as well.

6.    Mr. Parker's claims against Defendant Hallam under a theory of *respondeat superior* should be dismissed since Defendant Hallam, as a County elected official cannot be vicariously liable for actions of the City of Pittsburgh, its police department, or its employees.

7.    All and any *Monell* claims set forth against Defendant Hallam by Mr. Parker should be dismissed because Defendant Hallam cannot as a matter of law be responsible for any alleged conduct of the City of Pittsburgh, its police department, or its employees.

8.    Further, Mr. Parker fails to plead how any alleged conduct by Defendant Hallam caused his alleged injuries. There is no causal connection plead as to the actions of Defendant Hallam and the purported harm suffered by Mr. Parker. Defendant Hallam is a witness to the events described by Mr. Parker, nothing more.

9.    Defendant Hallam respectfully requests that this Court dismiss all claims against her in Mr. Parker's Complaint because they are legally insufficient for the reasons set forth above.

10. Defendant Hallam also incorporates by reference any matters raised in any Motions filed by the City of Pittsburgh and its related Defendants, since any liability against Defendant Hallam is necessarily derivative of that of the City of Pittsburgh.

11. A proposed order is attached.

Respectfully Submitted,

*Brad R. Korinski /s/*

Brad R. Korinski, Esq.
PA ID No. 86831

Bennington Law Firm, LLC
5854 Ellsworth Avenue
Pittsburgh, PA 15232
(412) 760-7848
bkorinski@bennington-law.com
Counsel for Defendant Bethany Hallam

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETHANY HALLAM, et al., )<br>)<br>Defendants. ) | No. 2:23-cv-2102<br><br>JURY TRIAL DEMANDED |

**ORDER OF COURT**

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendant Bethany Hallam's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and any opposition thereto, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED. All claims against Defendant Bethany Hallam are hereby DISMISSED.

_____
J. Nicholas Ranjan
United States District Judge