# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT KERRY FORD'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.   INTRODUCTION**

Plaintiff William Parker's ("Mr. Parker") malicious prosecution claim and Fourteenth Amendment claim against Defendant Detective Kerry Ford ("Detective Ford") should be dismissed for failure to state claims upon which relief can be granted. Any duplicative claims against Detective Ford should also be dismissed.

First, Mr. Parker fails to plead sufficient facts to support his malicious prosecution claim against Detective Ford. Mr. Parker alleges that Detective Ford authored an affidavit of probable cause despite not personally witnessing the events described in the affidavit. Mr. Parker claims that another officer on scene was "better suited" to write the affidavit. Mr. Parker's opinions, veiled as "facts" in support of his claim, are insufficient to state a claim for malicious prosecution against Detective Ford. Alternatively, even if Mr. Parker has pled facts in his complaint sufficient to state a claim for malicious prosecution against Detective Ford, Detective Ford is nonetheless entitled to qualified immunity from this claim.

Second, Mr. Parker likewise fails to plead facts sufficient to state a Fourteenth Amendment claim against Detective Ford. Mr. Parker cannot state a claim under the Fourteenth Amendment when he may properly bring claims related to his arrest and prosecution under the Fourth

1

Amendment and First Amendment. Moreover, to the extent his Fourteenth Amendment claim attempts to state a claim for municipality liability against Detective Ford, this claim fails as a matter of law. *Monell* claims may only be brought against municipalities, not individuals.

Third and finally, Mr. Parker includes duplicative First and Fourth Amendment claims against Detective Ford. Detective Ford requests that this Court exercise its discretion to dismiss these redundant claims.

## II.  FACTUAL BACKGROUND[1]

On June 17, 2023, Mr. Parker attended the City's Juneteenth Parade to protest several of Mayor Gainey's mayoral decisions. ECF No. 1 ¶¶ 7-8. While he was protesting, Mr. Parker claims he was pushed by Defendant Detective Kerry Ford. *Id.* ¶ 10. Mr. Parker then claims Detective Michael Gay then "followed[ed] close behind [Mr. Parker], running into [Mr. Parker] several times." *Id.* ¶ 11. After this alleged contact, Mr. Parker claims Councilwoman Bethany Hallam intentionally "bumped" Mr. Parker several times "with a great deal of force." *Id.* ¶ 12. Mr. Parker claims that after he asked Ms. Hallam to stop bumping into him, Detective Gay also "bumped" Mr. Parker. *Id.* ¶ 13.

Mr. Parker claims that Defendant Chief Larry Scirotto then approached Detective Gay and Mr. Parker and stated, "Take him to the ground now, arrest him." *Id.* ¶ 14. Detective Ford, Detective Gay, and Chief Scirotto then used varying degrees of force to take Mr. Parker into police custody and handcuff him. *Id.* ¶¶ 15-16. Mr. Parker was then transported to the Allegheny County Jail ("ACJ"). *Id.* at ¶ 21. Mr. Parker claims he was charged with felony assault and four counts of disorderly conduct. *Id.* ¶ 22. Mr. Parker alleges that Detective Ford completed the affidavit of

---

[1] Detective Ford summarizes and accepts as true facts alleged in Mr. Parker's Complaint for purposes of this Motion to Dismiss only.

probable cause in support of the criminal charge against Mr. Parker. *Id.* ¶ 27. According to Mr. Parker, Detective Ford had not "personally witnessed the alternation between the plaintiff and defendants[ ]," and thus, "[i]t would have been more suitable for the defendant Officer Michael Gay to submit an affidavit to try to justify the wholesale arrest of the plaintiff[.]" *Id.* Mr. Parker concludes that the affidavit contained false allegations, but does not specify who provided this "false" information to Detective Ford. *Id.* ¶ 28. The criminal charges were ultimately withdrawn. *Id.* at ¶ 23. Mr. Parker claims he sustained physical injuries, emotional harm, and damage to his reputation as a result of this incident. *Id.* at ¶ 31.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege facts that "'raise a right to relief beyond a speculative level.'" *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Though courts must accept all well-pleaded facts as true, this obligation does not extend to legal conclusions that are "couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555. Moreover, plaintiffs "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]." *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013).

Although courts "must be mindful to construe [*pro se* complaints] liberally in favor of the plaintiff," "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Hoye v. Allegheny Cty. Med. Dep't*, Civil Action No. 2:23-cv-1648, 2023 U.S. Dist. LEXIS

3

195136, at *3 (W.D. Pa. Sept. 26, 2023); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Liberal construction "does not require the Court to credit a *pro se* plaintiff's bald assertions or legal conclusions." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (internal quotations omitted) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Thus, a court should dismiss a *pro se* complaint if the complaint "cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ARGUMENT

### A. Mr. Parker fails to state a claim for Malicious Prosecution against Detective Ford.

Mr. Parker's malicious prosecution claim against Detective Ford should be dismissed because Mr. Parker has failed to plausibly allege that Mayor Gainey Detective Ford initiated proceedings against him without probable cause. To state a claim for malicious prosecution, the plaintiff must plead facts showing that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Mr. Parker includes the following facts[2] in support of his malicious prosecution claim against Detective Ford:

---

[2] Mr. Parker also includes several legal conclusions in support of his claims. *See* ECF No 1., ¶ 26 (all individually-named defendants did not have "reason to believe and/or probable cause to believe" Mr. Parker committed crimes), ¶ 39 (all defendants "filed and/or participated in the filing of criminal charges against the plaintiff which were not supported by probable cause and were based on false accusations"), ¶ 40 (all defendants "filed an[d]/or participated in the filing of false

4

- The affidavit of probable cause filed in support of the false criminal charges was completed by Officer [Kerry] Ford who had not personally witnessed the alternation between plaintiff and defendants[ ] Bethany Hallam and Michael Gay. It would have been more suitable for the defendant Officer Michael Gay to submit an affidavit to try to justify the wholesale arrest of the plaintiff, if in fact, a crime had been committed against him as alleged, as the Defendant Officer Michael Gay would have been able to give first hand knowledge as to what led to plaintiff's arrest, but he chose not to. ECF No. 1 ¶ 27.

- In the affidavit of probable cause, it was falsely alleged that the plaintiff assaulted the defendant Officer Michael Gay and defendant Bethany Hallam. *Id.* ¶ 28.

- The individual defendant officers knew that the City's police authorizing an officer to file an affidavit of probable cause containing allegations unrelated to the citizen accused of a crime based upon that affidavit, allowed them to arrest citizens without having to account for such arrest by swearing under oath to facts supporting the arrest or the force used. *Id.* ¶ 29.

Based on these facts, Mr. Parker's malicious prosecution claim against Detective Ford rests on his theory that Detective Ford did not personally observe Mr. Parker commit any crimes. *See id.* ¶¶ 27, 29. Even taking this allegation as true, this is insufficient to create an inference that Detective Ford knowingly initiated a criminal proceeding without probable cause.

Typically, prosecutors initiate criminal proceedings against an arrestee. *Mills v. City of Philadelphia*, No. CV 14-593, 2023 WL 6520488, at *11 (E.D. Pa. Oct. 5, 2023). However, a police officer "can be liable for malicious prosecution where he or she influenced or participated in the decision to institute criminal proceedings." *Ekwunife v. City of Philadelphia*, 756 F. App'x 165, 169 (3d Cir. 2018). To state a claim against a police officer for malicious prosecution, the plaintiff must plead facts showing that the police officer "knowingly provided false information to

---

criminal charges against the plaintiff with malice and/or for reasons other than bringing the plaintiff to justice"). These conclusions should be disregarded. *See Twomby*, 550 U.S. at 545 (to survive a motion to dismiss, a complaint must include more than "conclusions" and "a formulaic recitation of a cause of action's elements").

the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Harris v. City of Philadelphia*, No. CIV. A. 97-3666, 1998 WL 481061, at *5 (E.D. Pa. Aug. 14, 1998); *see Gallo v. City of Philadelphia*, 161 F.3d 217, 220 n.2 (3d Cir. 1998) (internal quotations omitted) ("Decisions have "recognized that a § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities."). Importantly, this theory requires a police officer to *knowingly* provide false information. *Harris*, 1998 WL 481061, at *5; *see also Franks v. Delaware*, 438 U.S. 154, 164 n.6 (1978) (an individual is not insulated from liability by "relaying [a deliberate misstatement] through an officer-affiant personally ignorant of its falsity.").

Here, Mr. Parker does not allege that facts showing that Detective Ford knowingly made misstatements in his affidavit of probable cause or included false information in order to initiate a criminal proceeding against Mr. Parker. He merely alleges that Detective Ford did not "personally witness[ ] the altercation between the plaintiff and defendants[ ] Bethany Hallam and Michael Gay." ECF No. 1 ¶ 27. He further alleges it would have been more "suitable" for Detective Gay to author the affidavit of probable cause because Detective Gay "would have been able to give first hand knowledge as to what led to the plaintiff's arrest[.]" *Id.* Mr. Parker's opinion and preference on who should have authored the affidavit of probable cause are not facts sufficient to state a claim for malicious prosecution. Mr. Parker asks this Court to infer that Detective Ford included false information in his affidavit merely because he did not personally witness the events described therein. This is an impermissible inference to make, and does not raise his right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (internal quotations omitted) (courts "need not accept as true unsupported conclusions and unwarranted inferences" in a complaint). For these reasons, Mr.

6

Parker has failed to sufficiently state a claim for malicious prosecution against Detective Ford, and this claim should be dismissed.

      B.      <u>Detective Ford is entitled to qualified immunity from Mr. Parker's malicious prosecution claim.</u>

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law" and "gives ample room for mistaken judgments." *Hunter*, 502 U.S. at 229 (internal quotations omitted) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Id.* (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)). Qualified immunity "is not a mere defense from liability; it is an entitlement not to stand trial or face the other burdens of litigation." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (internal quotations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "If a case is erroneously permitted to go to trial, then qualified immunity is effectively lost." *Id*.

To determine whether qualified immunity applies, courts must determine whether: (1) there was a violation of a constitutional right; and (2) the right is clearly established in light of the specific context of the case. *Marcavage v. National Park Service et al.*, 2012 WL 310850, *2 (3d Cir. 2012). Generally, lower courts have discretion in deciding which part of the test to analyze first. *Camreta v. Greene*, 563 U.S. 692, 707 (2011). The Supreme Court has cautioned lower courts to "think hard, and then think hard again, before turning small cases into large ones" by "ruling on the (perhaps difficult) constitutional claim the plaintiff has raised." *Id.* at 705, 707. Thus, Detective Ford first asks this Court to first determine whether the Constitutional rights at issue are "clearly

7

established" before reaching the issue of whether a Constitutional violation occurred. *See Brown v. Harris*, No. 20-5354, 2023 U.S. Dist. LEXIS 35191, at *9-10 (E.D. Pa. Mar. 2, 2023).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The right at issue should not be defined "at a high level of generality." *Id*. Specificity is necessary because a court must determine "whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (internal quotations omitted) (emphasis in original). Given the required level of specificity, the constitutional right at issue as to Detective Ford's alleged conduct is whether the Fourth Amendment prohibits an officer from filing an affidavit of probable cause when he or she did not personally observe the events detailed in the affidavit. To determine whether this right was clearly established during the relevant time, a court must "look first for applicable Supreme Court precedent." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 142 (3d Cir. 2017). If there is no Supreme Court precedent, a plaintiff must point to a "robust consensus of cases of persuasive authority in the court of appeals that could clearly establish a right for purposes of qualified immunity." *Id*.

Here, there are no Supreme Court cases, circuit court cases, or Third Circuit cases establishing constitutional rights with regard to Detective Ford's conduct. To the contrary, it is clearly established that an officer does *not* need to personally observe a crime in order to initiate a criminal proceeding. *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016) (in the Third Circuit, "statements of a victim witness are typically sufficient to establish probable cause"); *Stansbury v. Wertman*, 721 F.3d 84, 90 (2d Cir. 2013) (internal quotations omitted) ("absent

8

circumstances that raise doubts as to the victim's veracity, a victim's identification is typically sufficient to provide probable cause"); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious"); *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) ("A law enforcement officer is entitled to rely on an eyewitness identification to establish adequate probable cause with which to sustain an arrest."). Accordingly, Mr. Parker did not have a clearly established right to be free from Detective Ford authoring his affidavit of probable cause, and Detective Ford is entitled to qualified immunity from Mr. Parker's malicious prosecution claim against him.

    C.    <u>Mr. Parker has failed to state a Fourteenth Amendment claim against Detective Ford.</u>

Mr. Parker's Complaint includes Detective Ford as a named defendant in his Fourteenth Amendment failure to train, discipline, and/or supervise claim. To the extent Mr. Parker seeks to bring his excessive force, malicious prosecution, or retaliation claim under the Fourteenth Amendment, this claim fails as a matter of law. A substantive due process claim is only appropriate where a constitutional amendment does not provide an "explicit textual source of protection." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Furthermore, a substantive due process claim cannot be used as a "catch-all" for any alleged constitutional violation. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) ("[W]e have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm."). Because Mr. Parker has brought claims related to his arrest and prosecution under the Fourth Amendment, he cannot properly plead them under the Fourteenth Amendment as well.

Mr. Parker's inclusion of language related to failure to train, discipline, and/or supervise suggests Mr. Parker is bringing a *Monell* claim against Detective Ford. *See Carter v. City of*

*Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (a municipality may be liable when it has a policy that "concerns a failure to train or supervise municipal employees" and the failure "amounts to deliberate indifference to the rights of persons with whom the employees will come into contact"). Individuals cannot be liable under a *Monell* theory of liability. *Lepre v. Lukus*, 602 F. App'x 864, 869 n.4 (3d Cir. 2015); *see Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 670 (E.D. Pa. 2020) (granting motion to dismiss *Monell* claims against individual defendants because "*Monell* liability only applies to municipalities, not individuals."). Accordingly, Mr. Parker's *Monell* claims against Detective Ford should be dismissed for failure to state a claim.

    D.    <u>Mr. Parker's duplicative First and Fourth Amendment claims should be dismissed.</u>

Mr. Parker includes duplicative claims for excessive force, false arrest, and malicious prosecution against Detective Ford. These additional claims do not contain any additional factual basis to suggest they stem from a separate arrest or prosecution. District Courts enjoy "inherent authority to control [their] docket[s] and avoid duplicative claims[.]" *Corlew v. Honesdale Borough*, No. 3:22-CV-01990, 2024 WL 1051980, at *3 (M.D. Pa. Mar. 11, 2024). Accordingly, Detective Ford requests that this Court dismiss the duplicative claims against him.

**V.    CONCLUSION**

For the foregoing reasons and for the reasons set forth in its Motion, Detective Kerry Ford respectfully requests that the Court dismiss Mr. Parker's Fourth Amendment malicious prosecution claim, Fourteenth Amendment claim, and any duplicative claims against him.

    Respectfully submitted,

    KRYSIA KUBIAK
    City Solicitor

    <u>*/s/ Hillary M. Weaver*</u>
    Hillary M. Weaver, Esquire
    Assistant City Solicitor

PA I.D. No. 322545  
City of Pittsburgh Department of Law  
313 City-County Building  
414 Grant Street  
Pittsburgh, PA  15219  
(412) 255-2014  
<u>hillary.weaver@pittsburghpa.gov</u>  
*Counsel for Kerry Ford*

## CERTIFICATE OF SERVICE

I, Hillary M. Weaver, hereby certify that I caused a copy of Kerry Ford's Partial Motion to Dismiss and Brief in Support thereof to be served upon the following via electronic mail:

Mr. William Parker
Parkerlegal412@gmail.com
*Pro Se Plaintiff*

Date: May 10, 2024                    */s/ Hillary M. Weaver*
                                      Hillary M. Weaver, Esquire
                                      Assistant City Solicitor
                                      *Counsel for Detective Kerry Ford*