IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT MICHAEL GAY'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.   INTRODUCTION**

Plaintiff William Parker's ("Mr. Parker") malicious prosecution claim and Fourteenth Amendment claim against Defendant Detective Michael Gay ("Detective Gay") should be dismissed for failure to state a claim upon which relief can be granted. Any duplicative claims against him should also be dismissed.

First, Mr. Parker fails to plead sufficient facts to support his malicious prosecution claim against Detective Gay. When legal conclusions and unsupported allegations are disregarded, Mr. Parker fails to include any facts to support his claim that Detective Gay "filed and/or participated in the filing" of criminal charges against him.  Alternatively, even if Mr. Parker has pled facts in his complaint sufficient to state a claim for malicious prosecution against Detective Gay, Detective Gay is nonetheless entitled to qualified immunity from this claim.

Second, Mr. Parker likewise fails to plead facts sufficient to state a Fourteenth Amendment claim against Detective Gay. Mr. Parker cannot state a claim under the Fourteenth Amendment when he may properly bring claims related to his arrest and prosecution under the Fourth Amendment and First Amendment. Moreover, to the extent his Fourteenth Amendment claim

1

attempts to state a claim for municipality liability against Detective Gay, this claim fails as a matter of law. *Monell* claims may only be brought against municipalities, not individuals.

Third and finally, Mr. Parker includes duplicative First and Fourth Amendment claims against Detective Gay. Detective Gay requests that this Court exercise its discretion to dismiss these redundant claims.

## II.     FACTUAL BACKGROUND[1]

On June 17, 2023, Mr. Parker attended the City of Pittsburgh's Juneteenth parade in the Hill District to protest some of Mayor Ed Gainey's policies. ECF No. 1 ¶¶ 7-8. Mayor Gainey, his bodyguards, and other local officials attended the parade. *Id.* ¶¶ 10, 12, 13. Mr. Parker alleges that, during his protest, he was "bumped" by Detective Kerry Ford, "follow[ed]" by Detective Michael Gay, and "bumped several times with a great deal of force" by Allegheny County Councilwoman Bethany Hallam. *Id.* ¶¶ 10-12. Mr. Parker allegedly asked Councilor Hallam "to stop violently bumping into [his] right shoulder." *Id.* ¶ 12.

In response to this request, Mr. Parker claims that Detective Gay "got into [his] face," and then said, "I'm bumping you now, what are you going to do about it?" *Id.* ¶ 13. This, according to Mr. Parker, caused Pittsburgh Bureau of Police ("PBP") Chief Larry Scirotto, who observed the interaction, to order police officers to "take [Mr. Parker] down to the ground now, arrest him." *Id.* ¶ 14. Detectives Ford and Gay took Mr. Parker to the ground, and they, along with Chief Scirotto, handcuffed Mr. Parker. *Id.* ¶ 15. Detective Ford filed the Affidavit of Probable Cause, and Mr. Parker was charged with assault and four counts of disorderly conduct. *Id.* ¶¶ 22, 27. Mr. Parker's charges were withdrawn on June 26, 2023. *Id.* ¶ 23.

---

[1] Detective Gay summarizes and accepts as true facts alleged in Mr. Parker's Complaint for purposes of this Motion to Dismiss only.

**III. STANDARD OF REVIEW**

To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege facts that "'raise a right to relief beyond a speculative level.'" *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Though courts must accept all well-pleaded facts as true, this obligation does not extend to legal conclusions that are "couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555. Moreover, plaintiffs "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]." *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013).

Although courts "must be mindful to construe [*pro se* complaints] liberally in favor of the plaintiff," "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Hoye v. Allegheny Cty. Med. Dep't*, Civil Action No. 2:23-cv-1648, 2023 U.S. Dist. LEXIS 195136, at *3 (W.D. Pa. Sept. 26, 2023); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Liberal construction "does not require the Court to credit a *pro se* plaintiff's bald assertions or legal conclusions." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (internal quotations omitted) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Thus, a court should dismiss a *pro se* complaint if the complaint "cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

IV.   **ARGUMENT**

    A.   <u>Mr. Parker fails to plead any facts showing Detective Gay's personal involvement in his prosecution.</u>

As a threshold matter, Section 1983 liability arises only when a person, acting under color of state law, "subjects, or causes to be subjected another person to a civil rights violation." *McIntosh v. Wetzel*, Civ. A. 20-1957, 2022 U.S. Dist. LEXIS 143234, at *28 (W.D. Pa. Aug. 11, 2022). Thus, it requires "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). A government official is "only liable for his or her own misconduct," *Iqbal*, 556 U.S. at 677, and "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). For this reason, a plaintiff must allege more than "'general knowledge plus a mere failure to act.'" *Prochaska v. Fediaczko*, 473 F. Supp. 704, 708 (W.D. Pa. 1979) (quoting *Fialkowski v. Shapp*, 405 F. Supp. 946, 952 (1976)). Rather, the plaintiff must allege that the defendant was personally involved in that specific violation through the defendant's own individual actions. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).

To state a claim for malicious prosecution, a plaintiff must plead facts showing that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017). As a preliminary matter, when a plaintiff brings a claim for malicious prosecution against a non-prosecutor, the plaintiff must allege that the defendant "influenced or participated in the decision to institute criminal proceedings" by

4

"conceal[ing] and misrepresent[ing] material facts to the district attorney." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014).

Involvement in an arrest, by itself, does not confer liability for malicious prosecution. *See Lozano v. New Jersey*, 9 F.4th 239, 247 (3d Cir. 2021). Rather, false arrest and malicious prosecution are two distinct claims, and potential liability for false arrest does not equate to liability for malicious prosecution. *See Simmons v. Poltrone*, Civil Action No. 96-8659, 1997 U.S. Dist. LEXIS 20512, at *22-*23 (E.D. Pa. Dec. 17, 1997) ("A suit for false arrest . . . is the proper action where the aggrieved party is arrested without legal authority . . . In the case of malicious prosecution, the valid process justifies the restraint or imprisonment, and the gist of the cause of action is malice or evil intent.") (internal quotations omitted) (quoting The American Law of Torts, § 27:2, at 943-45). Courts within this Circuit have distinguished between presence at an arrest and the initiation of criminal charges, and declined to find that peripheral involvement in a prosecution constitutes "initiating" criminal charges. In *Lozano v. New Jersey*, the defendant officer "st[ood] nearby" while other officers investigated the plaintiff for drunk driving. 9 F.4th 239, 242 (3d Cir. 2021). Another officer arrested the plaintiff, but the defendant officer transported him to the police station and helped begin the plaintiff's processing by asking for his name and to turn over loose clothing. *Id.* at 242. Additionally, another officer filed the documents formally charging the plaintiff. *Id.* at 243. Because the defendant officer did not initiate the charges against the plaintiff, the court dismissed the plaintiff's claim for malicious prosecution. *Id.* at 247.

The court in *Scheing v. Fountain* went further, finding that the initiation requirement was not satisfied when the investigating and arresting officer did not initiate the charges. 729 F. App'x 175, 179 (3d Cir. 2018). The Third Circuit explained that an investigation and an arrest are "very different from the decision to bring charges or seek indictment." *Id.* "Because the reasonableness

of [the defendant officer's] arrest of [the plaintiff] is a wholly independent inquiry from the propriety of the separate decision to pursue criminal charges against him, [the plaintiff's] failure to allege [the defendant officer's] involvement in the latter process is fatal to his claim." *Id.*; *see also Mason v. Mahon*, No. 05-cv-1639, 2006 U.S. Dist. LEXIS 12798, at *21 (E.D. Pa. Mar. 23, 2006) (dismissing malicious prosecution claim at summary judgment where the defendant officer was alleged to have influenced criminal investigation but did not file criminal charges or provide any information included in the affidavit of probable cause).

Mr. Parker alleges that Detective Gay helped to effectuate his arrest and placed him in handcuffs. ECF No. 1 ¶ 16. He further alleges that Detective Gay "filed and/or participated in the filing of criminal charges against the plaintiff which were not supported by probable cause and were based on false accusations made by these defendants that plaintiff had engaged in criminal activity[.]" *Id.* ¶ 39. This is merely a recital of an element of a malicious prosecution claim, and should be disregarded. When this legal conclusion is properly disregarded, Mr. Parker's complaint is devoid of any facts explaining how Detective Gay "filed and/or participated" in the filing of his criminal charges. In fact, Mr. Parker concedes that Detective Ford filed them. *Id.* ¶ 27.

While Mr. Parker concludes that the affidavit was based on "false allegations" made by all defendants, Mr. Parker does not include facts showing that Detective Gay provided material misrepresentations or otherwise "induce[d] the prosecutor" to proceed with charges. *See Halsey*, 750 F.3d at 289. Instead, Mr. Parker makes the conclusory claim that "In the affidavit of probable cause, it was falsely alleged that the plaintiff assaulted the defendant Officer Detective Gay and defendant Bethany Hallam." ECF No. 1 ¶ 28. This statement amounts to nothing more than a legal conclusion, rather than a factual averment identifying misrepresentations specifically made by Detective Gay. As a result, this Court should disregard Mr. Parker's statement that the assault

6

charge was "false[]" absent factual claims alleging Detective Gay's personal involvement in drafting the affidavit of probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012).

> B. <u>Even if Mr. Parker has pleaded sufficient facts to state a claim for malicious prosecution against Detective Gay, Detective Gay is entitled to qualified immunity from this claim.</u>

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law" and "gives ample room for mistaken judgments." *Hunter*, 502 U.S. at 229 (internal quotations omitted) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "This accommodation for reasonable error exists because 'officials should not err always on the side of caution' because they fear being sued." *Id.* (quoting *Davis v. Scherer*, 468 U.S. 183, 196 (1984)). Qualified immunity "is not a mere defense from liability; it is an entitlement not to stand trial or face the other burdens of litigation." *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002) (internal quotations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "If a case is erroneously permitted to go to trial, then qualified immunity is effectively lost." *Id.*

To determine whether qualified immunity applies, courts must determine whether: (1) there was a violation of a constitutional right; and (2) the right is clearly established in light of the specific context of the case. *Marcavage v. National Park Service et al.*, 2012 WL 310850, *2 (3d Cir. 2012). Generally, lower courts have discretion in deciding which part of the test to analyze first. *Camreta v. Greene*, 563 U.S. 692, 707 (2011). The Supreme Court has cautioned lower courts to "think hard, and then think hard again, before turning small cases into large ones" by "ruling on

7

the (perhaps difficult) constitutional claim the plaintiff has raised." *Id*. at 705, 707. Thus, Detective Gay first asks this Court to first determine whether the Constitutional rights at issue are "clearly established" before reaching the issue of whether a Constitutional violation occurred. *See Brown v. Harris*, No. 20-5354, 2023 U.S. Dist. LEXIS 35191, at *9-10 (E.D. Pa. Mar. 2, 2023).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The right at issue should not be defined "at a high level of generality." *Id*. Specificity is necessary because a court must determine "whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (internal quotations omitted) (emphasis in original). Given the required level of specificity, the constitutional right at issue as to Detective Gay's alleged conduct is whether participation in an arrest violates an individual's right to be free from malicious prosecution. To determine whether this right was clearly established during the relevant time, a court must "look first for applicable Supreme Court precedent." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 142 (3d Cir. 2017). If there is no Supreme Court precedent, a plaintiff must point to a "robust consensus of cases of persuasive authority in the court of appeals that could clearly establish a right for purposes of qualified immunity." *Id*.

Here, there are no Supreme Court cases, Third Circuit cases, or cases from other circuit courts clearly establishing that participating in allegedly unconstitutional arrest violates that arrestee's right to be free from malicious prosecution. Rather, as discussed, courts recognize false arrest and malicious prosecution as discrete claims. Because there is no authority holding that

Detective Gay's alleged conduct in arresting Mr. Parker violated a clearly established right to be free from malicious prosecution, Detective Gay is entitled to qualified immunity.

      C.      **Mr. Parker Has Failed to State a Fourteenth Amendment Claim Against Detective Gay.**

Mr. Parker's Complaint includes Detective Gay as a named defendant in his Fourteenth Amendment failure to train, discipline, and/or supervise claim. To the extent Mr. Parker seeks to bring his excessive force, malicious prosecution, or retaliation claim under the Fourteenth Amendment, this claim fails as a matter of law. A substantive due process claim is only appropriate where a constitutional amendment does not provide an "explicit textual source of protection." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Furthermore, a substantive due process claim cannot be used as a "catch-all" for any alleged constitutional violation. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) ("[W]e have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm."). Because Mr. Parker has brought claims related to his arrest and prosecution under the Fourth Amendment, he cannot properly plead them under the Fourteenth Amendment as well.

Mr. Parker's inclusion of language related to failure to train, discipline, and/or supervise suggests Mr. Parker is bringing a *Monell* claim against Detective Gay. *See Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (a municipality may be liable when it has a policy that "concerns a failure to train or supervise municipal employees" and the failure "amounts to deliberate indifference to the rights of persons with whom the employees will come into contact"). Individuals cannot be liable under a *Monell* theory of liability. *Lepre v. Lukus*, 602 F. App'x 864, 869 n.4 (3d Cir. 2015); *see Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 670 (E.D. Pa. 2020) (granting motion to dismiss *Monell* claims against individual defendants because "*Monell* liability

9

only applies to municipalities, not individuals."). Accordingly, Mr. Parker's *Monell* claims against Detective Gay should be dismissed for failure to state a claim.

    D.    <u>Mr. Parker's Duplicative First and Fourth Amendment Claims Against Detective Gay should be dismissed.</u>

Mr. Parker includes duplicative claims for excessive force, false arrest, and malicious prosecution against Detective Gay. These additional claims do not contain any additional factual basis to suggest they stem from a separate arrest or prosecution. District Courts enjoy "inherent authority to control [their] docket[s] and avoid duplicative claims[.]" *Corlew v. Honesdale Borough*, No. 3:22-CV-01990, 2024 WL 1051980, at *3 (M.D. Pa. Mar. 11, 2024). Accordingly, Detective Gay requests that this Court dismiss the duplicative claims against him.

## V.    CONCLUSION

For the foregoing reasons and for the reasons set forth in its Motion, Detective Gay respectfully requests that the Court dismiss Mr. Parker's Fourth Amendment malicious prosecution claim, Fourteenth Amendment claim, and any duplicative claims against him.

                  Respectfully submitted,

                  KRYSIA KUBIAK
                  City Solicitor

                  */s/ Hillary M. Weaver*
                  Hillary M. Weaver, Esquire
                  Assistant City Solicitor
                  PA I.D. No. 322545
                  City of Pittsburgh Department of Law
                  313 City-County Building
                  414 Grant Street
                  Pittsburgh, PA  15219
                  (412) 255-2014
                  hillary.weaver@pittsburghpa.gov
                  *Counsel for Detective Michael Gay*

## **CERTIFICATE OF SERVICE**

I, Hillary M. Weaver, hereby certify that I caused a copy of Michael Gay's Partial Motion to Dismiss and Brief in Support thereof to be served upon the following via electronic mail:

Mr. William Parker
Parkerlegal412@gmail.com
*Pro Se Plaintiff*

Date: May 10, 2024                             */s/ Hillary M. Weaver*
                                                                Hillary M. Weaver, Esquire
                                                                Assistant City Solicitor
                                                                *Counsel for Detective Michael Gay*