IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF PITTSBURGH'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant the City of Pittsburgh ("the City") respectfully submits this Motion to Dismiss all claims filed against it by Plaintiff William Parker ("Mr. Parker") in his Second Amended Complaint at ECF No. 43.

1. Mr. Parker filed the instant action against the City and other individual defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1.

2. On September 24, 2024, Mr. Parker filed a Second Amended Complaint setting forth a *Monell* claim against the City. ECF No. 43 ¶¶ 154-167.

3. Mr. Parker's *Monell* claim is based on two theories of municipal liability: custom and failure-to-train and/or supervise.

4. Mr. Parker alleges that the City had an unconstitutional custom of "disregarding constitutionally protected rights such as freedom of speech" and failed to adequately train its employees. *Id.* ¶¶ 155, 156, 159.

1

5. First, Mr. Parker's custom theory of *Monell* liability fails because Mr. Parker does not point to any instances of similar misconduct necessary to show the City had a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews v. Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)).

6. Second, Mr. Parker's failure-to-train and/or supervise theory of liability also fails.

7. Mr. Parker again fails to point to any instances of similar misconduct that would have put the City on "notice that a particular omission in their training program cause[d] city employees to violate citizens' constitutional right[.]" *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

8. Mr. Parker also cannot proceed under a single-incident theory of liability for the City's alleged failure-to-train its employees.

9. Mr. Parker has failed to plead facts showing "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights[.]" *City of Canton v. Harris*, 489 U.S. 378, 387 (1989).

10. Finally, Mr. Parker fails to plead facts showing that any alleged City custom or its alleged failure to train and/or supervise employees was the "moving force" behind Mr. Parker's alleged constitutional injuries.

11. For these reasons, the City respectfully requests that this Court dismiss Mr. Parker's *Monell* claim and any other claims against it, as explained in further detail in its brief accompanying this motion.

12. A proposed order is attached.

          Respectfully submitted,

          KRYSIA KUBIAK
          City Solicitor

          */s/ Hillary M. Weaver*
          Hillary M. Weaver, Esquire
          Assistant City Solicitor
          PA I.D. No. 322545
          City of Pittsburgh Department of Law
          313 City-County Building
          414 Grant Street
          Pittsburgh, PA  15219
          (412) 255-2014
          hillary.weaver@pittsburghpa.gov
          *Counsel for the City of Pittsburgh*