IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT GAINEY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I. INTRODUCTION

Plaintiff William Parker's ("Mr. Parker") claims against Mayor Edward Gainey ("Mayor Gainey") must be dismissed for failure to state claims upon which relief can be granted. Mr. Parker's Second Amended Complaint names Mayor Gainey as a defendant in his First Amendment Retaliation claim, Fourth Amendment malicious prosecution claim, and civil conspiracy claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Mr. Parker fails to plead any facts showing Mayor Gainey's personal involvement in any of these alleged constitutional violations. Instead, Mr. Parker merely claims that Mayor Gainey was at the same event where his altercation with other defendants occurred. Even taking these allegations as true, they are insufficient to state constitutional claims against Mayor Gainey.

First, and as a threshold matter, Mr. Parker fails to plead sufficient facts to show Mayor Gainey's personal involvement in any of the alleged constitutional violations in Mr. Parker's Second Amended Complaint. The only viable theory under

1

which Mr. Parker could allege constitutional violations against Mayor Gainey is under a theory of supervisory liability, but Mr. Parker does not plead any facts to show Mayor Gainey acquiesced in any alleged constitutional violations committed by subordinates.

Second, even if Mr. Parker had pleaded sufficient facts to show Mayor Gainey's personal involvement in a constitutional violation, Mr. Parker nonetheless fails to state a claim for First Amendment retaliation or Fourth Amendment malicious prosecution against Mayor Gainey. With respect to the malicious prosecution claim, Mr. Parker fails to plead facts showing Mayor Gainey initiated criminal proceedings against him, which is required to state a claim for malicious prosecution. Similarly, Mr. Parker fails to plead facts showing that Mayor Gainey participated in any of the retaliatory acts described in Mr. Parker's First Amendment retaliation claim – namely, use of force and arrest.

Third and finally, Mr. Parker fails to plead facts sufficient to state a claim for civil conspiracy under either 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Mr. Parker fails to plead facts showing that Mayor Gainey conspired with another individual to deprive Mr. Parker of his constitutional rights under § 1983 or § 1985. Moreover, Mr. Parker fails to plead facts that Mayor Gainey conspired against him on the basis of Mr. Parker's race or any other protected class under § 1985.

## II.  FACTUAL BACKGROUND[1]

On June 17, 2023, Mr. Parker attended the City of Pittsburgh's Juneteenth parade in the Hill District to protest some of Mayor Gainey's policies and mayoral decisions. ECF No. 43 ¶¶ 21, 23-25. Mayor Gainey, his bodyguards, and other local officials attended the parade. *Id.* ¶ 22. Mr. Parker claims he tried to address Mayor Gainey, but Mayor Gainey "rebuffed" him. *Id.* ¶ 24. Because Mayor Gainey "ignored" Mr. Parker, Mr. Parker chose to protest at the parade. *Id.* ¶ 26. From this point of the chronology of events on, Mr. Parker does not allege any further action or involvement of Mayor Gainey. *See id.* ¶¶ 27-55.

Mr. Parker then claims that one of Mayor Gainey's bodyguards, later identified as Detective Kerry Ford, "physically pushed" Mr. Parker. *Id.* ¶¶ 32-33. Mr. Parker "regained his balance" and continued to protest. *Id.* ¶ 35. Mr. Parker claims that another one of Mayor Gainey's bodyguards, Detective Michael Gay, then "closely follow[ed]" Mr. Parker and intentionally ran into him. *Id.* ¶ 36. Mr. Parker details his continued interaction with Detective Ford and Detective Gay, which culminated in Chief Larry Scirotto allegedly ordering Detective Gay to arrest Mr. Parker. *Id.* ¶¶ 40-44. Mr. Parker claims Chief Scirotto, Detective Gay, and Detective Ford then used varying degrees of force to arrest him, handcuff him, and pull him up from the ground. *Id.* ¶¶ 46-48. After his arrest, Mr. Parker claims he was searched by Detective Ferrilli. *Id.* ¶ 50. He further claims that Detective Ferrilli twisted Mr. Parker's arm. *Id.* ¶ 51.

---

[1] Mayor Gainey summarizes and accepts as true facts alleged in Mr. Parker's Second Amended Complaint for purposes of this Motion to Dismiss only.

Detective Ford then prepared a criminal complaint and filed charges against Mr. Parker. *Id.* ¶ 51, Exhibit A (criminal complaint).

### III. STANDARD OF REVIEW

To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege facts that "'raise a right to relief beyond a speculative level.'" *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Though courts must accept all well-pleaded facts as true, this obligation does not extend to legal conclusions that are "couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555. Moreover, plaintiffs "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]." *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013).

### IV. ARGUMENT

 A. <u>Mr. Parker fails to plead any facts showing Mayor Gainey's personal involvement in any alleged constitutional violation.</u>

As a threshold matter, all of Mr. Parker's claims against Mayor Gainey should be dismissed because Mr. Parker has failed to plead facts showing Mayor Gainey was personally involved in any alleged constitutional violations. Mr. Parker appears to rely on a *respondeat superior* theory of liability to state his claims against Mayor Gainey, which is improper. *Respondeat superior* claims merely allege an employer-

employee relationship, "regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978)). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Thus, a supervisor's liability for a constitutional harm may only come from direct participation in the violation, or because the supervisor "directed others to violate [the plaintiff's rights], or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations." *Santiago*, 629 F.3d at 129 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004)).

To state a claim for personal involvement in a supervisory capacity, the plaintiff must allege that the defendant was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." *McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009). A showing of personal direction or knowledge and acquiescence requires more than an allegation that a supervisor "was in the vicinity of the arrest at some point." *Id.* Rather, it requires a supervisor to proximately cause the constitutional violation and "contemporaneous, personal knowledge" of the violation. *Santiago*, 629 F.3d at 130; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The supervisor must have given direction that he "knew or should reasonably have known would cause others to deprive the plaintiff of her constitutional rights." *Santiago*, 629 F.3d at 130 (internal quotations omitted) (quoting *Conner v. Reinhard*, 847 F.2d 384, 397 (7th Cir. 1988)).

Here, Mr. Parker does not state any facts showing that Mayor Gainey personally directed a City employee to violate Mr. Parker's rights or acquiesced in the violation of his rights. To the contrary, Mr. Parker claims Mayor Gainey "instructed" Detective Ford "to leave [Mr. Parker] alone." ECF No. 48 ¶ 83(d). The only other *factual* allegations against Mayor Gainey state that he "rebuffed" Mr. Parker, *id.* ¶ 24, and "ignored" Mr. Parker, *id.* ¶ 26.[2] At most, these facts show that Mayor Gainey was in the vicinity of Mr. Parker's arrest. There are no facts giving rise to an inference that Mayor Gainey directed or acquiesced in his arrest. Instead, Mr. Parker pleads facts to the contrary; Mayor Gainey told an officer to "leave [Mr. Parker] alone." *Id.* ¶ 83(d). For these reasons, Mr. Parker fails to state any constitutional claim against Mayor Gainey under a supervisory theory of liability, and all constitutional claims should be dismissed against him with prejudice.

B. <u>Mr. Parker fails to state a claim for malicious prosecution against Mayor Gainey.</u>

Even if Mr. Parker could show Mayor Gainey was personally involved in a constitutional violation, Mr. Parker's malicious prosecution claim against Mayor Gainey nonetheless fails. Mr. Parker's malicious prosecution claim against Mayor Gainey should be dismissed because Mr. Parker has failed to plausibly allege that Mayor Gainey initiated criminal proceedings against him. A claim for malicious

---

[2] Mr. Parker also includes the following statement in his *Monell* claim, which runs contrary to his factual allegations: Mayor Gainey "was present and had knowledge that Mr. Parker was being arrested and his rights violated by [Chief] Scirotto." ECF No. ¶ 167. This is a "legal conclusion[ ] couched in factual allegations" and "need not be accepted as true." *Marangos v. Swett*, 341 Fed. App'x. 752, 757 (3d Cir. 2009).

prosecution, at the outset, requires a plaintiff to plausibly allege that a defendant initiated criminal proceedings against him. *Harvard v. Cesnalis*, 973 F.3d 190, 205 n.7 (3d Cir. 2020).

Prosecutors generally initiate criminal proceedings, but a police officer or other individuals "may . . . be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Dayoub v. Aaron*, No. 2:12-CV-1770, 2013 WL 4810382, at *8 (W.D. Pa. Sept. 9, 2013) (Cercone, J.) (internal quotation marks omitted; quoting *Henderson v. City of Philadelphia,* 853 F. Supp. 2d 514, 518 (E.D. Pa.2012)); *see Johnson v. Logan*, 721 F. App'x 205, 207 (3d Cir. 2018) ("[d]ecisions have recognized that a § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities.").

Presence at an arrest or tangential involvement in a prosecution does equate to liability for malicious prosecution. In *Lozano v. New Jersey*, the defendant officer "st[ood] nearby" while other officers investigated the plaintiff for drunk driving. 9 F.4th 239, 242 (3d Cir. 2021). Another officer arrested the plaintiff, but the defendant officer transported him to the police station and helped begin the plaintiff's processing. *Id.* at 242. Another officer filed the documents formally charging the plaintiff. *Id.* at 243. Because the defendant officer did not initiate the charges against the plaintiff, the court dismissed the plaintiff's claim for malicious prosecution. *Id.* at 247. Similarly, even an arresting or investigating officer cannot be liable for malicious

prosecution if the officer played no role in filing charges. *See Sheing v. Fountain*, 729 F. App'x 175, 179 (3d Cir. 2018) (dismissing malicious prosecution claim against officer who investigated claim of home improvement fraud and arrested the plaintiff because "such an involvement is very different from the decision to bring charges or seek indictment.").

Here, Detective Ford included Mayor Gainey as a "purported victim" in the criminal complaint filed against Mr. Parker. No. 43 ¶ 112. This singular allegation is the only factual support for Mayor Gainey's alleged involvement in Mr. Parker's criminal prosecution. There are no facts in Mr. Parker's Second Amended Complaint to suggest that Mayor Gainey filed criminal charges against Mr. Parker, and he concedes that Detective Ford filed the affidavit of probable cause. *Id.* ¶ 27. Likewise, Mr. Parker does not plausibly allege that Mayor Gainey "participated" in his prosecution by providing information to Detective Ford, let alone false information. *See Dayoub*, 2013 WL 4810382, at *8.

At the very most, Mr. Parker alleges that Mayor Gainey was in the vicinity when he was arrested and/or that he is the supervisor of the officer who authored the affidavit of probable cause in support of Mr. Parker's criminal charges. Mr. Parker's allegations with respect to Mayor Gainey fail to state a claim for malicious prosecution and fail to satisfy the threshold personal involvement requirement of section 1983 claims. Rather, Mr. Parker merely states a claim for *respondeat superior* liability against Mayor Gainey. Thus, this Court should dismiss the malicious prosecution claim against Mayor Gainey.

### C. Mr. Parker fails to state a claim for First Amendment retaliation against Mayor Gainey.

Mr. Parker alleges that Mayor Gainey "took adverse action against him," but provides no factual support for this assertion. ECF No. 43 ¶ 61. For this reason, Mr. Parker's retaliation claim against Mayor Gainey fails. First Amendment retaliation requires a plaintiff to allege that (1) he was engaged in a protected activity; (2) that he suffered an adverse action by government officials; and (3) that there was a causal relationship between the protected activity and adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). As with other section 1983 claims, "a claim for First Amendment retaliation requires personal involvement in the alleged retaliatory conduct so that there is a causal connection." *Smith v. Dep't of Gen. Stores*, 181 F. App'x 327, 331 (3d Cir. 2006) (citing *Brennan v. Norton*, 350 F.3d 399, 414, 419 (3d Cir. 2003)).

As discussed above, section 1983 claims require "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In the context of a First Amendment retaliation claim, this amounts to "personal involvement in the alleged retaliatory acts." *McIntyre v. Phillips*, Civil Action No. 23-3508, 2023 U.S. Dist. LEXIS 208207, at *28 (E.D. Pa. Nov. 21, 2023). Here, Mr. Parker specifically alleges that the retaliatory acts at issue are: (1) "shoving, bumping, striking, or subjecting Mr. Parker to unwanted touching by Defendants Ford, Gay, Ferrilli, Scirotto, and Hallam"; (2) "Defendant Scirotto ordering the use of force against a peaceable Mr. Parker and his arrest"; (3) "Defendants Gay and Ford using excessive force against Mr. Parker while forcibly arresting him despite the fact

9

that he was non-violent and compliant"; and (4) "Defendants Gay and Ford arresting Mr. Parker for exercising protected speech critical of Defendant Gainey." ECF No. 43 ¶ 61. The Second Amended Complaint is devoid of any allegations that Mayor Gainey was personally involved in any of these alleged acts.

Mayor Gainey can only be held liable if he directed officers to engage in the alleged constitutional violations described or knew they were engaged in the violations and acquiesced to them. *See A.M. ex rel. J.M.K*, 372 F.3d at 586. Mr. Parker's Second Amended Complaint is entirely devoid of these allegations. Mr. Parker does not allege that Mayor Gainey directed officers to arrest him, only that Mayor Gainey "ignored and glossed over" his arrest. ECF No. 43 ¶ 162. "Although a supervisor cannot encourage constitutional violations, a supervisor 'has no affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights' . . . So alleging superiors 'allowed' the unconstitutional practices of their subordinates is not sufficient to impose supervisor liability." *Batchelor v. Spagnoletti*, Civil Action No. 24-1258, 2024 U.S. Dist. LEXIS 69733, at *24 (E.D. Pa. Apr. 17, 2024) (quoting *Mack v. Clark*, No. 21-0004, 2022 U.S. Dist. LEXIS 121813, at *5 (W.D. Pa. July 11, 2022)).

For these reasons, Mr. Parker's claim for retaliation fails to plausibly allege Mayor Gainey's his personal involvement in the alleged retaliatory acts. Thus, this Court should dismiss his First Amendment retaliation claim for failure to state a claim.

  D. <u>Mr. Parker fails to state a claim for civil conspiracy against Mayor Gainey.</u>

    *i. Conspiracy under Section 1983*

Mr. Parker's conspiracy claim under Section 1983 fails because Mr. Parker does not plead any facts in support of his claim that Mayor Gainey conspired to violate Mr. Parker's constitutional rights. To state a claim of civil conspiracy under § 1983, a plaintiff must allege facts to establish the following elements: "(1) two or more persons conspire to deprive any person of constitutional rights; (2) one or more of the conspirators performs any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States[.]" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (cleaned up) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). "However, it is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." *DeAngelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006) (cleaned up) (quoting *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d. Cir.1991)).

A claim of conspiracy, even at the pleadings stage, must allege facts that go beyond generalizations of the "approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). Importantly, "mere incantation of the words 'conspiracy' or 'acted

11

in concert' does not talismanically satisfy the [federal pleading] requirements." *Loftus v. Southeastern Pennsylvania Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

Here, Mr. Parker fails to include the requisite facts to support his claim that Mayor Gainey conspired to violate his constitutional rights. In support of this claim, Mr. Parker indicates that Mayor Gainey and other defendants acted in concert through use of force, "push[ing], shov[ing], and [striking]" Mr. Parker, and by arresting Mr. Parker. ECF No. 43 ¶¶ 150, 152. However, as discussed above, Mr. Parker does not plead any facts showing that Mayor Gainey was involved in these alleged acts. In fact, Mr. Parker claims that Mayor Gainey "instructed" Detective Ford "to leave [Mr. Parker] alone." ECF No. 48 ¶ 83(d). These allegations fall short of the required factual support for a Section 1983 conspiracy claim and must be dismissed.

### ii. Conspiracy under Section 1985

Mr. Parker's conspiracy claim under Section 1985 fails for two reasons. First, as discussed above, Mr. Parker does not plead any facts in support of his claim that Mayor Gainey conspired to violate Mr. Parker's constitutional rights. Second, Mr. Parker does not plead any facts showing that any alleged conspiracy was motived by Mr. Parker's race or membership in a protected class. To state a claim under Section 1985, a plaintiff must allege the following elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured

in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

The second element is dispositive; when a plaintiff fails to include facts showing he was discriminated against because of his race or membership in a class, his Section 1985 conspiracy claim must be dismissed. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (finding that district court properly dismissed Section 1985 claim where plaintiffs "failed to assert any facts from which any type of conspiratorial agreement. . . can be inferred" and failed to "establish that the alleged discriminatory policies or practices were due to plaintiffs' membership in the class of female students."); *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 506 (D. Del. 2007) (dismissing Section 1985 claim where plaintiff failed to "allege any facts from which one could infer [the Defendant] had an agreement or understanding with the other Defendants to discriminate against Plaintiff on the basis of race or class.").

As previously discussed, Mr. Parker fails to plead any facts showing Mayor Gainey was engaged in a conspiracy with other defendants. Moreover, and also fatal to this Section 1985 claim, Mr. Parker fails to plead facts giving rise to any inference that Mayor Gainey discriminated against Mr. Parker due to his race or membership in a protected class. For these reasons, Mr. Parker's Section 1985 conspiracy claim must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Mayor Gainey respectfully requests that this Court dismiss all claims against him in Mr. Parker's Second Amended Complaint.

                                        Respectfully submitted,

                                        KRYSIA KUBIAK
                                        City Solicitor

                                        */s/ Hillary M. Weaver*
                                        Hillary M. Weaver, Esquire
                                        Assistant City Solicitor
                                        PA I.D. No. 322545
                                        City of Pittsburgh Department of Law
                                        313 City-County Building
                                        414 Grant Street
                                        Pittsburgh, PA  15219
                                        (412) 255-2014
                                        hillary.weaver@pittsburghpa.gov
                                        *Counsel for Mayor Edward Gainey*