IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS SCIROTTO, FORD, GAY, AND FERRILLI'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants Larry Scirotto ("Chief Scirotto"), Kerry Ford ("Detective Ford"), Michael Gay ("Detective Gay"), and Lawrence Ferrilli ("Detective Ferrilli") respectfully submit this partial motion to dismiss several claims filed against them by Plaintiff William Parker ("Mr. Parker") in his Second Amended Complaint at ECF No. 43.

1. Mr. Parker filed the instant action against Defendants and other defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1.

2. On September 24, 2024, Mr. Parker filed a Second Amended Complaint setting forth various constitutional and state law claims against Chief Scirotto, Detective Ford, Detective Gay, and Detective Ferrilli. ECF No. 43, generally.

3. Mr. Parker fails to state the follow claims against these Defendants:

- *Chief Scirotto:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

1

- *Detective Ford*: Fourth Amendment unlawful search and seizure (Count V) and civil conspiracy (Count VI)

- *Detective Gay:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

- *Detective Ferrilli:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), and Fourth Amendment failure to intervene (Count VIII)

4. First, Mr. Parker fails to state a claim for federal or state law malicious prosecution against Chief Scirotto, Detective Gay, or Detective Ferrilli.

5. Both federal and state malicious prosecution claims require a plaintiff to plead facts showing that the defendants "initiated criminal proceedings" against the plaintiff. *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (setting forth elements for Fourth Amendment malicious prosecution); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000) (setting forth elements for state law malicious prosecution).

6. The facts in Mr. Parker's Second Amended Complaint and the exhibit attached to it show that Detective Ford initiated the criminal proceedings against Mr. Parker.

7. The Second Amended Complaint is devoid of any allegations that Chief Scirotto, Detective Gay, or Detective Ferrilli participated in or otherwise influenced the initiation of the proceedings at issue.

8. Second, Mr. Parker fails to state a claim for civil conspiracy against Chief Scirotto, Detective Ford and Detective Gay under Section 1983 and 1985.

9. Mr. Parker does not plead sufficient facts to show that these defendants conspired to deprive Mr. Parker of any constitutional rights or that any alleged conspiracy was based on Mr. Parker's race or class.

10. Third, Mr. Parker's claim for Fourth Amendment search and seizure against Chief Scirotto, Detective Ford, and Detective Gay fails as a matter of law.

11. Officers must be personally involved in a constitutional rights violation to be held liable for it." *Lozano v. New Jersey*, 9 F.4th 239, 241-42 (3d Cir. 2021); *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 225 (3d Cir. 2016) (a police officer must "actively participate" in a search to be held liable for it).

12. Mr. Parker's Second Amended Complaint concedes that Detective Ferrilli, not Chief Scirotto, Detective Ford, or Detective Gay, searched Mr. Parker.

13. Fourth and finally, Mr. Parker's failure to intervene claim against Detective Ferrilli fails. Mr. Parker has not pleaded facts showing that the use of force by co-defendants took place in Detective Ferrilli's presence.

14. Accordingly, Detective Ferrilli did not have a realistic and reasonable opportunity to intervene.

15. For these reasons, Chief Scirotto, Detective Ford, Detective Gay, and Detective Ferrilli respectfully requests that this Court dismiss the claims described in Paragraph 3 of this Motion, as explained in further detail in his Brief accompanying this motion.

16. A proposed order is attached.

                                          Respectfully submitted,

                                          KRYSIA KUBIAK
City Solicitor

*/s/ Hillary M. Weaver*
Hillary M. Weaver, Esquire
Assistant City Solicitor
PA I.D. No. 322545
City of Pittsburgh Department of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219
(412) 255-2014
hillary.weaver@pittsburghpa.gov
*Counsel for Defendants Larry Scirotto, Kerry Ford, Michael Gay, and Lawrence Ferrilli*

4