IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. J. Nicholas Ranjan |
| | ) | |
| v. | ) | 2:23-cv-2102-NR |
| | ) | |
| EDWARD GAINEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS SCIROTTO, FORD, GAY, AND FERRILLI'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.   INTRODUCTION**

The following claims against Defendants Larry Scirotto ("Chief Scirotto"), Kerry Ford ("Detective Ford"), Michael Gay ("Detective Gay"), and Lawrence Ferrilli ("Detective Ferrilli") should be dismissed for failure to state claims upon which relief can be granted:

- *Chief Scirotto:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

- *Detective Ford*: Fourth Amendment unlawful search and seizure (Count V) and civil conspiracy (Count VI)

- *Detective Gay:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

- *Detective Ferrilli:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), and Fourth Amendment failure to intervene (Count VIII)

First, Mr. Parker fails to state a claim for federal or state law malicious prosecution against Chief Scirotto, Detective Gay, or Detective Ferrilli. The facts in

1

Mr. Parker's Second Amended Complaint and the exhibit attached to it show that Detective Ford initiated the criminal proceedings against Mr. Parker. The Second Amended Complaint is devoid of any allegations that Chief Scirotto, Detective Gay, or Detective Ferrilli participated in or otherwise influenced the initiation of the proceedings at issue.

Second, Mr. Parker fails to state a claim for civil conspiracy against Chief Scirotto, Detective Ford and Detective Gay under Section 1983 and 1985. Mr. Parker does not plead sufficient facts to show that these defendants conspired to deprive Mr. Parker of any constitutional rights or that any alleged conspiracy was based on Mr. Parker's race or class.

Third, Mr. Parker's claim for Fourth Amendment search and seizure against Chief Scirotto, Detective Ford, and Detective Gay fails as a matter of law. Mr. Parker's Second Amended Complaint concedes that Detective Ferrilli, not Chief Scirotto, Detective Ford, or Detective Gay, searched Mr. Parker.

Fourth and finally, Mr. Parker's failure to intervene claim against Detective Ferrilli fails. Mr. Parker has not pleaded facts showing that the alleged use of force by co-defendants took place in Detective Ferrilli's presence. Thus, Detective Ferrilli did not have a realistic and reasonable opportunity to intervene.

## II. FACTUAL BACKGROUND[1]

On June 17, 2023, Mr. Parker attended the City of Pittsburgh's Juneteenth parade in the Hill District to protest some of Mayor Gainey's policies and mayoral decisions. ECF No. 43 ¶¶ 21, 23-25. Mayor Gainey, Chief Scirotto, Detective Ford, Detective Gay, and "eventually [Detective] Ferrilli" were also at the parade. *Id.* ¶ 22. Mr. Parker claims that while he was protesting at the parade, Detective Ford pushed Mr. Parker. *Id.* ¶ 32. Mr. Parker continued to protest, at which point he claims Detective Gay "ran into Mr. Parker" and later "bumped or shoved" him. *Id.* ¶¶ 36, 40. Mr. Parker claims he then had a verbal exchange with Detective Gay. *Id.* ¶ 42.

After this exchange, Chief Scirotto allegedly ordered Detective Gay to arrest Mr. Parker. *Id.* ¶ 43. Mr. Parker claims that Detective Ford kicked Mr. Parker's legs out from under him and forcibly handcuffed him. *Id.* ¶ 46. Mr. Parker claims Detectives Ford and Gay put their "entire body weight" upon Mr. Parker, and Chief Scirotto then pulled Mr. Parker up from the ground. *Id.* ¶¶ 47-48. Mr. Parker was then turned over to custody of Detective Ferrilli, who searched Mr. Parker. *Id.* ¶ 50. Mr. Parker claims Detective Ferrilli twisted Mr. Parker's arm and used handcuffs "to inflict pain on Mr. Parker." *Id.* ¶ 51. Mr. Parker was eventually charged with numerous crimes stemming from the incident at the parade. *Id.* ¶ 53. Detective Ford authored the affidavit of probable cause in support of Mr. Parker's arrest. *Id.* ¶ 53, Exhibit A (criminal complaint).

---

[1] Chief Scirotto, Detective Ford, Detective Gay, and Detective Ferrilli summarize and accept as true facts alleged in Mr. Parker's Second Amended Complaint for purposes of this Motion to Dismiss only.

## III. STANDARD OF REVIEW

To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege facts that "'raise a right to relief beyond a speculative level.'" *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Though courts must accept all well-pleaded facts as true, this obligation does not extend to legal conclusions that are "couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555. Moreover, plaintiffs "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]." *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013).

## IV. ARGUMENT

### A. Mr. Parker fails to state federal and state malicious prosecution claims against Chief Scirotto, Detective Gay, or Detective Ferrilli.

Both federal and state law malicious prosecution claims require that a plaintiff adequately plead facts showing a defendant "initiated criminal proceedings" against the plaintiff. *See Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (liability for malicious prosecution under the Fourth Amendment requires that a defendant "initiate[d] a criminal proceeding"); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000) ("In Pennsylvania, a plaintiff alleging common law malicious prosecution must show . . . the defendants initiated a criminal proceeding").

4

Prosecutors generally initiate criminal proceedings, but a police officer or other individuals "may . . . be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Dayoub v. Aaron*, No. 2:12-CV-1770, 2013 WL 4810382, at *8 (W.D. Pa. Sept. 9, 2013) (cleaned up) (quoting *Henderson v. City of Philadelphia,* 853 F. Supp. 2d 514, 518 (E.D. Pa.2012); *Simonds v. Boyer*, No. 2:21-CV-841, 2022 WL 11964613, at *6 (W.D. Pa. Oct. 20, 2022) (Ranjan, J.) (cleaned up) (quoting *Milbourne v. Baker*, No. 11-1866, 2012 WL 1889148, at *11 (E.D. Pa. May 23, 2012)) (there are "myriad ways someone other than a prosecutor could be held liable [for initiating a criminal proceeding], including by failing to disclose exculpatory evidence to prosecutors, making false or misleading reports to the prosecutor, omitting material information from the reports, or otherwise interfering with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.").

Here, Mr. Parker's Second Amended Complaint and the criminal complaint attached to it show that Detective Ford authored the affidavit of probable cause in support of Mr. Parker's criminal matter. ECF No. 43 ¶ 53, 54, 106, Exhibit A. Mr. Parker's Second Amended Complaint is devoid of any allegations that Chief Scirotto, Detective Gay, or Detective Ferrilli provided information, let alone false or misleading information, to Detective Ford or a prosecutor. The criminal complaint does not reflect that Detective Ford based his affidavit on anything other than his own knowledge or observations. *Id.*, Exhibit A pp. 6-7. For these reasons, Mr. Parker

has not pleaded sufficient facts to show that Chief Scirotto, Detective Gay, or Detective Ferrilli initiated a criminal proceeding against him, and his federal and state malicious prosecution claims must be dismissed.

  B. <u>Mr. Parker fails to state civil conspiracy claims under Section 1983 and Section 1985 against Chief Scirotto, Detective Ford and Detective Gay.</u>

To state a claim of civil conspiracy under § 1983, a plaintiff must allege facts to establish the following elements: "(1) two or more persons conspire to deprive any person of constitutional rights; (2) one or more of the conspirators performs any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States[.]'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (cleaned up) (quoting *Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). "However, it is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." *DeAngelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006) (cleaned up) (quoting *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3d. Cir.1991)).

A claim of conspiracy, even at the pleadings stage, must allege facts that go beyond generalizations of the "approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). Importantly, "mere incantation of the words 'conspiracy' or 'acted

6

in concert' does not talismanically satisfy the [federal pleading] requirements." *Loftus v. Southeastern Pennsylvania Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

Here, Mr. Parker concludes that "Defendants Gainey, Scirotto, Ferrilli, Gay, Ford, and Hallam conspired by knowingly and tacitly acting in concert through use of force" in support of his conspiracy claim under Section 1983 and 1985. ECF No. 43. Simply alleging that these parties "acted in concert" is insufficient to state a claim for civil conspiracy. *See Loftus*, 843 F. Supp. at 987. Moreover, Mr. Parker fails to include facts showing how or when this alleged agreement was made or any other circumstances surrounding the alleged agreement at issue. *See DeAngelo*, 185 F. App'x at 175. Accordingly, Mr. Parker's Section 1983 conspiracy claim must be dismissed.

Specific to Mr. Parker's conspiracy claim under Section 1985, Mr. Parker is required to additionally plead facts showing that any alleged conspiracy was motived by Mr. Parker's race or membership in a protected class. *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott,* 463 U.S. 825, 828-29 (1983) (liability under Section 1985 requires a plaintiff show a conspiracy was "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"). When a plaintiff fails to include facts showing he was discriminated against because of his race or membership in a class, his Section 1985 conspiracy claim must be dismissed. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (finding that district court properly dismissed Section 1985 claim where

7

plaintiffs "failed to assert any facts from which any type of conspiratorial agreement. . . can be inferred" and failed to "establish that the alleged discriminatory policies or practices were due to plaintiffs' membership in the class of female students."); *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 506 (D. Del. 2007) (dismissing Section 1985 claim where plaintiff failed to "allege any facts from which one could infer [the Defendant] had an agreement or understanding with the other Defendants to discriminate against Plaintiff on the basis of race or class.").

Here, Mr. Parker fails to plead facts giving rise to any inference that Chief Scirotto, Detective Ford and Detective Gay discriminated against Mr. Parker due to his race or membership in a protected class. For these reasons, Mr. Parker's Section 1985 conspiracy claim against these defendants must be dismissed.

    C.    <u>Fourth Amendment search and seizure against Chief Scirotto, Detective Ford, and Detective Gay.</u>

A defendant must be "personally involved" in an alleged constitutional violation for liability under Section 1983. officers must be personally involved in a constitutional rights violation to be held liable for it." *Lozano v. New Jersey*, 9 F.4th 239, 241-42 (3d Cir. 2021) (cleaned up). In the context of a search under the Fourth Amendment, a police officer cannot be held liable when he "did not actively participate in the search[.]" *Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 225 (3d Cir. 2016) (granting motion to dismiss claim related to an alleged illegal search where "other officers not named in the action executed the search"); *see Duffy v. Cnty. of Bucks*, 7 F. Supp. 2d 569, 581 (E.D. Pa. 1998) (granting motion to dismiss

claims related to an alleged illegal strip search where probation officer did not "participate, directly or indirectly, in the strip-searches").

Here, Mr. Parker alleges that he was "transferred to the custody of [Detective] Ferrilli who searched Mr. parker without his consent." ECF No. 43 ¶ 50. Mr. Parker later claims that Detective Ferrilli searched Mr. Parker "with the assistance of [Detectives] Gay and Ford" but provides no details as to how they assisted in the alleged search (such as whether they merely received items seized from the search or actually searched Mr. Parker's person). ECF No. 43 ¶ 145. Simply concluding that Officer Ferrilli searched Mr. Parker with "assistance" from Detectives Gay and Ford is insufficient to state a claim under the Fourth Amendment absent facts showing that they "actively participate[d]" in the search. *See Strunk*, 674 F. App'x at 225. Moreover, the Second Amended Complaint is devoid of allegations that Chief Scirotto participated in the search of Mr. Parker's person whatsoever. For these reasons, Mr. Parker's Fourth Amendment unlawful search and seizure claim against Chief Scirotto, Detective Ford, Detective Gay must be dismissed.

D. <u>Mr. Parker fails to state a Fourth Amendment failure to intervene claim against Detective Ferrilli.</u>

To state a claim for failure to intervene, a plaintiff must plead facts showing: "(1) the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was 'a realistic and reasonable opportunity to intervene.'" *Knight v. Walton*, No. 2:12CV984, 2014 WL 1316115, at *8 (W.D. Pa. Mar. 28, 2014) (quoting *Smith v. Mensinger,* 293 F.3d 641, 651 (3d Cir. 2002)). Here, Mr. Parker does not allege that Detective Ferrilli was

9

present for Detective Scirotto, Detective Ford, and Detective Gay's alleged use of force and arrest of Mr. Parker. The criminal complaint attached to Mr. Parker's Second Amended Complaint states that Detective Ferrilli arrived after Mr. Parker's arrest. *See* ECF No. 43, Exhibit A p. 6 ("Once Parker was detained, we assisted him to his feet, and [Detective Ford] requested assistance from nearby plain clothes detectives. Detectives Novak and Ferrilli arrived as we escorted Parker to the sidewalk, away from the parade."). For these reasons, Mr. Parker has failed to plead facts showing that Detective Ferrilli had knowledge of any constitutional violations or had a "realistic and reasonable opportunity to intervene." Accordingly, Mr. Parker's Fourth Amendment failure to intervene claim against Detective Ferrilli must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Chief Scirotto, Detective Ford, Detective Gay, and Detective Ferrilli respectfully request that this Court dismiss the following claims against them in Mr. Parker's Second Amended Complaint at ECF No. 43:

- *Chief Scirotto:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

- *Detective Ford*: Fourth Amendment unlawful search and seizure (Count V) and civil conspiracy (Count VI)

- *Detective Gay:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), Fourth Amendment unlawful search and seizure (Count V), and civil conspiracy (Count VI)

- *Detective Ferrilli:* Fourth Amendment malicious prosecution (Count III), state law malicious prosecution (Count XI), and Fourth Amendment failure to intervene (Count VIII)

Respectfully submitted,

KRYSIA KUBIAK
City Solicitor

*/s/ Hillary M. Weaver*
Hillary M. Weaver, Esquire
Assistant City Solicitor
PA I.D. No. 322545
City of Pittsburgh Department of Law
313 City-County Building
414 Grant Street
Pittsburgh, PA  15219
(412) 255-2014
hillary.weaver@pittsburghpa.gov
*Counsel for Defendants Larry Scirotto,
Kerry Ford, Michael Gay, and
Lawrence Ferrilli*

-