## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WILLIAM PARKER, | ) | |
| | ) | No. 2:23-cv-2102 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| BETHANY HALLAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BETHANY HALLAM'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

1.      Mr. Parker instituted suit against the City of Pittsburgh, the Mayor of the City of Pittsburgh, several City of Pittsburgh Police Officers, and Defendant Hallam alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

2.      Mr. Parker's allegations stem from his interactions with and his eventual arrest by the City of Pittsburgh Police during a Juneteenth Celebration in the City of Pittsburgh at which Mr. Parker began to loudly voice his disapproval of the Mayor's policies and actions and launched into his own protest concerning the Mayor while the assembled public went about their celebratory activities.

3.      Defendant Hallam, though named in her capacity as a public and elected official, is not an elected official with the City of Pittsburgh. Defendant Hallam is a member of Allegheny County Council, a municipal body separate, apart, and independent of the City of Pittsburgh. As both a matter of law and fact, Defendant Hallam had no influence or involvement in the circumstances complained of by Mr. Parker.

4.      As a County elected official (member of County Council), Defendant Hallam could not have deprived Mr. Parker of his constitutional rights as set forth by Mr. Parker in his Complaint. Nor could Defendant Hallam have participated in any prosecution of Mr. Parker. Nor could she have engaged in any conspiracy toward or about Mr. Parker, or between and among the other Defendants.

5.      Mr. Parker contends that Defendant Hallam inflicted upon him a "violent bump" which followed upon by the conduct of the other Defendant and Mr. Parker's eventual arrest thereby deprived Mr. Parker of his constitutional rights and caused him to suffer a variety of other torts. *See* ¶¶ 38-39 of the Second Amended Complaint.

6.      Mr. Parker is seeking to recover under the following legal theories, all of which are legally and factually deficient as to Defendant Hallam.

> a.      Count I – Violation of Mr. Parker's 1st Amendment Rights, predicated upon Defendant Hallam's "violent bump."
>
> b.      Count III – Malicious Prosecution, even though Defendant Hallam, neither as a factual or legal matter, played any role in the decision to arrest or file criminal charges against Mr. Parker.
>
> c.      Count VI – Conspiracy to Deprive Mr. Parker of His Rights, without enumerating any factual predicate as to how Defendant Hallam's conduct (the "violent bump") could possibly constitute a conspiracy to have Mr. Parker silenced, arrested, and prosecuted.
>
> d.      Count IX – Abuse of Process Claims, without identifying any "process" that Defendant Hallam used or instituted against Mr. Parker.

4.      Reading the Second Amended Complaint in the light most favorable to Mr. Parker and assuming all the allegations as true, Defendant Hallam cannot, as a matter of law, be responsible for any of the harm alleged by Mr. Parker since all of that harm is predicated upon the alleged wrongful actions of the City of Pittsburgh and the identified police officers. There is no

causal nexus plead between anything done or said by Ms. Hallam and the actions of the police to arrest and prosecute Mr. Parker.

5.      Indeed, in a sub-paragraph that seemingly contradicts the totality of Mr. Parker's allegations against Defendant Hallam, he asserts that Defendant Hallam stated to law enforcement that she was not a "victim" of Mr. Parker and did not intend to testify against Mr. Parker in any criminal proceedings. *See* ¶ 83(h). Yet, Mr. Parker accuses Defendant Hallam of engaging in a civil conspiracy against him and of the abuse of process.

6.      All claims asserted against Defendant Hallam are derivative to those lodged against the City of Pittsburgh. To the extent Mr. Parker's claims against the City of Pittsburgh are determined to be legally insufficient, his claims against Defendant Hallam must fail as well. There is nothing that Defendant Hallam did that prevented Mr. Parker from exercising his 1st Amendment Rights. Even after the purported "violent bump," Mr. Parker continue, unabated, with his diatribe against the Mayor.

7.      If Mr. Parker has any claims in this matter, those claims lie against the City of Pittsburgh. Defendant Hallam, as an Allegheny County elected official, cannot be vicariously liable for actions of the City of Pittsburgh, its police department, or its employees. Nor can Defendant Hallam be responsible for any decision to prosecute Mr. Parker, which, by Mr. Parker's own admission, Defendant Hallam disavowed.

8.      The allegation against Defendant Hallam is the "violent bump" or "bumps," Mr. Parker fails to plead how this conduct by Defendant Hallam caused his alleged injuries or how this conduct could possibly be part of a civil conspiracy between Defendant Hallam and the other parties. There is no causal connection plead as to the actions of Defendant Hallam and the

purported harm suffered by Mr. Parker. Defendant Hallam is a witness to the events described by Mr. Parker, nothing more.

9.      Defendant Hallam respectfully requests that this Court dismiss the above claims against her in Mr. Parker's Second Amended Complaint because they are legally insufficient for the reasons set forth herein and in her accompanying Brief.

10.     Defendant Hallam also incorporates by reference any matters raised in any Motions filed by the City of Pittsburgh and its related Defendants, since any liability against Defendant Hallam is necessarily derivative of that of the City of Pittsburgh.

11.     A proposed order is attached.

Respectfully Submitted,

Elisabeth Bennington, Esq.
PA ID No. 85512
Brad R. Korinski, Esq.
PA ID No. 86831

Bennington Law Firm, LLC
5854 Ellsworth Avenue
Pittsburgh, PA 15232
(412) 760-7848
ebenningtion@bennington-law.com
bkorinski@bennington-law.com
Counsel for Defendant Bethany Hallam

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM PARKER, | ) |
| | ) No. 2:23-cv-2102 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| BETHANY HALLAM, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF CONFERRAL

Undersigned counsel for Defendant Bethany Hallam certifies that he has made good faith efforts to confer with counsel for Mr. Parker to determine whether the identified pleading deficiencies may be cured, which, in this instance, would require Mr. Parker to release Defendant Hallam as a party to this lawsuit. Defendant's counsel has personally advised counsel for Mr. Parker that Defendant Hallam, as an Allegheny County elected official, had nothing to do with the circumstances complained of in the Second Amended Complaint filed by Mr. Parker. Indeed, as confirmed by Mr. Parker's own allegations, Defendant Hallam disavowed being a "victim" to any alleged criminal conduct accused of Mr. Parker and Defendant Hallam caused or contributed to the criminal charges being withdrawn. Yet, inexplicably, Defendant Hallam is named in this lawsuit.

Respectfully Submitted,

Elisabeth Bennington, Esq.
PA ID No. 85512
Bennington Law Firm, LLC
5854 Ellsworth Avenue
Pittsburgh, PA 15232
(412) 760-7848
ebennington@bennington-law.com
Counsel for Defendant Bethany Hallam