**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM PARKER,                    )
                                   )
        Plaintiff,              )        No. 2:23-cv-2102
                                   )
  v.                               )
                                   )        JURY TRIAL DEMANDED
BETHANY HALLAM, et al.,            )
                                   )
        Defendants.             )

**DEFENDANT BETHANY HALLAM'S BRIEF IN SUPPORT OF PARTIAL MOTION**
**DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT**
**TO FED. R. CIV. P. 12(b)(6)**

## I.    INTRODUCTION

Whenever a citizen alleges that the coercive power of the state acted purposively to stifle their 1st Amendment Rights, those claims must be dealt with in a serious fashion. The lifeblood of our Democracy depends upon it. Mr. Parker's accusations against Bethany Hallam are, however, decidedly not serious. They are ephemeral, solipsistic and flawed under the law and logic and, most importantly, the **facts** plead by Mr. Parker himself.

On the date in question, the community gathered for a Juneteenth Celebration which attracted various individuals, families, groups and elected officials, such as Mayor Gainey and Bethany Hallam. Amid that celebration, Mr. Parker launched into a personal protest directed at Mayor Gainey, shouting the epithet "Mayor Goofy" and similar invective. Mr. Parker sought to direct everyone's attention from the Celebration and the purpose of the gathering to his favorite subject, Mr. Parker. Of course, if Mr. Parker wishes to carry on in this fashion, that is his right and prerogative under our 1st Amendment.

Bethany Hallam, a member of Allegheny County Council, attended the Celebration to show her support and solidarity with the community, and was walking adjacent to Mr. Parker during his tirade against the Mayor. Ms. Hallam was in fact exercising her 1ST Amendment Rights. The sum and substance of Mr. Parker's claims against Ms. Hallam are found in paragraphs 38 and 39 of the Seconded Amended Complaint. Mr. Parker accuses her of engaging in a series of

"bumps" and a "violent bump" in what Mr. Parker characterizes as an effort to quell his speech. However, and this is an important point as to the claims against Ms. Hallam, her physical actions (even if accepted as true) did **not** stop Mr. Parker. Mr. Parker persisted. He continued to verbally lambaste the Mayor until, according to the allegations in the Second Amended Complaint, he was confronted by the City of Pittsburgh Police, which culminated in Mr. Parker's arrest.

The Second Amended Complaint is bereft of any allegation that Ms. Hallam directed, encouraged or caused the Police to arrest Mr. Parker. Not to insult the intelligence of this Honorable Court, but Allegheny County is independent of the City of Pittsburgh. The wants, needs, and desires of a County Councilperson are of no moment to the Police of the City of Pittsburgh. In this respect, Ms. Hallam could have been an elected official from Baldwin, Boston, or Belarus. The Second Amended Complaint shows that it did not matter. The Police engaged with Mr. Parker for reasons that those officers deemed necessary. Not because of Ms. Hallam.

Criminal charges are then filed against Mr. Parker following his arrest. Those charges identified Ms. Hallam as a potential victim of Mr. Parker's actions. However, another important point: according to the Second Amended Complaint, Ms. Hallam had nothing whatsoever to do with this! To wit, Mr. Parker pleads in paragraph 83(h) that Ms. Hallam contacted the Police and the District Attorney to communicate that she did not consider herself a victim and that her communication led to the charges being dropped against Mr. Parker. Yet, with no sense of shame, Mr. Parker accuses Ms. Hallam of "malicious prosecution" (Count III) and "abuse of process" (Count XII) in the same breath as he admits that Ms. Hallam acted to **prevent** that very prosecution and process that he sues her for.

In closing this introduction, maybe Mr. Parker was a victim of over-zealous policing or maybe he was not, but what is crystal clear is that Ms. Hallam is a victim of Mr. Parker's abuse of the court system. Ms. Hallam has been hauled into Federal Court and had her reputation dragged through the mud for actions of a police force over which she has no influence and for a criminal prosecution that her own actions and honesty prevented. Mr. Parker has been afforded the opportunity to act as honorably as Ms. Hallam did toward him. Thus, it is left for this Court to do that which Mr. Parker lacked the fortitude and integrity to do on his own: dismiss the claims against Ms. Hallam, with prejudice.

## II. FACTUAL BACKGROUND

Ms. Hallam incorporates by reference the factual recitations from the Briefs filed by the other parties in this matter.

Concerning the facts, what is noteworthy for purposes of Ms. Hallam is that the allegations pertaining to her conduct are set forth in paragraphs 38 and 39 of the Second Amended Complaint, e.g., the "bumps" – violent and otherwise. And, in paragraph 83(h) the Second Amended Complaint pleads that Ms. Hallam, on her own initiative mind you, communicated with law enforcement to disavow her status as a victim, thereby effectively ending the criminal prosecution against Mr. Parker. Beyond those three paragraphs, the Second Amended Complaint is otherwise remarkable for what its paucity of facts pertaining to Ms. Hallam and their failure to establish any factual predicate or nexus between her actions and the serious claims raised in this lawsuit.

## III. STANDARD OF REVIEW

To survive a motion to dismiss, complaints must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege facts that "'raise a right to relief beyond a speculative level.'" *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 131 (3d Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Though courts must accept all well-pleaded facts as true, this obligation does not extend to legal conclusions that are "couched as . . . factual allegation[s]." *Twombly*, 550 U.S. at 555. Moreover, plaintiffs "[can]not attempt to use discovery as a fishing expedition to determine the existence of . . . facts necessary to establish a legally adequate [claim]." *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013).

## IV. ARGUMENT

Mr. Parker's claims against Bethany Hallam must be dismissed for failure to state claims upon which relief can be granted. Mr. Parker's Second Amended Complaint names Ms. Hallam as a defendant in his First Amendment claim, malicious prosecution claim, civil conspiracy claim under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and abuse of process claim. (Mr. Parker also accuses Ms. Hallam of the intention tort of battery, which sadly does not lead itself to a Motion to Dismiss).

Mr. Parker fails to plead any facts showing Ms. Hallam's personal involvement in any of these alleged constitutional violations. That Ms. Hallam "bumped" him or personally disagreed with his message and mode of communicating it is wholly immaterial as to what happened to Mr. Parker. Instead, Mr. Parker merely claims that he and Ms. Hallam had an interaction prior to the point in time in which the Police arrested him. Even taking these allegations as true, they are insufficient to state constitutional claims against Ms. Hallam, a County Councilwoman. As a threshold matter, these claims stem from an **arrest** and later criminal **prosecution**, neither of which actions, as matters of fact and of law, Ms. Hallam caused or even could cause. Had all that transpired between Mr. Parker and Ms. Hallam on that ill-fated morning were an exchange of "bumps" – violent or otherwise – we would not be speaking of the potential violation of constitutional rights. Ms. Hallam is being improperly sued for the actions of the City Police and

"what happened next" after the bumping. The Second Amended Complaint does not plead sufficient facts to show Ms. Hallam's personal involvement in any actions that sought to or did deprive Mr. Parker of his constitutional rights. Bumping Mr. Parker while he shouted "Mayor Goofy" at Mayor Gainey cannot state that the claim that Ms. Hallam acted in her official, elected capacity to deny Mr. Parker of any rights whatsoever.

Second, the malicious prosecution accusation against Ms. Hallam is absurd, contradicted by the averments of the pleading, and personally offensive given Ms. Hallam's conduct toward Mr. Parker as admitted in the Second Amended Complaint. Mr. Parker fails point to facts showing that Ms. Hallam initiated criminal proceedings against him, which is required to state a claim for malicious prosecution.

Third, Mr. Parker fails to plead facts sufficient to state a claim for civil conspiracy under either 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The Second Amended Complaint lacks any facts showing that Ms. Hallam conspired with any individual to deprive Mr. Parker of his constitutional rights under § 1983 or § 1985. Moreover, Mr. Parker has not advanced facts that Ms. Hallam conspired against him because of his race or any other protected class characteristic under § 1985. Importantly, even if other individuals did engage in some manner of "conspiracy" (which appears tenuous from the facts), the Second Amended Complaint, at paragraph 83(h) unequivocally shows that Ms. Hallam was not a part of it when she voiced her intention to **not** testify against Mr. Parker as a purported victim in any criminal proceeding.

Lastly, the abuse of process claim is woefully deficient under the facts plead. As a predicate matter, Ms. Hallam did not employ or wield any sort of process against Mr. Parker. Ms. Hallam effectively stopped, as Mr. Parker admits, the criminal proceedings against him. Under these circumstances, it is truly astounding, and ironic, that Mr. Parker would pursue these claims against Ms. Hallam. This is by no means rhetorical, but if anyone has suffered the "abuse of process," it is Ms. Hallam, not Mr. Parker.

### A.    Ms. Hallam Did Not Act to Deprive Mr. Hallam of His Constitutional Rights

From the perspective of Ms. Hallam this case presents the question of whether suffering a "violent bump" from an Allegheny County Councilwoman while yelling "Mayor Goofy" at the Mayor of the City of Pittsburgh amounts to a violation of one's constitutional rights. That answer is unequivocally no. All of Mr. Parker's claims against Ms. Hallam should be dismissed because Mr. Parker has failed to plead facts showing Ms. Hallam acted in a manner to personally deprive

him of his constitutional rights. Factually, the "bumps" allegedly perpetrated by Ms. Hallam did not prevent or dissuade Mr. Parker from continuing with his "Mayor Goofy" diatribe. Legally, the "bumps" are not a deprivation of Mr. Parker's constitutional rights.

Ms. Hallam took no adverse action against Mr. Parker to deter him from exercising his rights. We know that because according to the pleading Mr. Parker consisted with his behavior. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2011). Moreover, Mr. Parker's claims of improper retaliation for exercising his rights must fail because Ms. Hallam was not involved in any subsequent criminal prosecution of Mr. Parker and did not exercise any authority in the decision to arrest Mr. Parker. Mr. Parker thus cannot prove that necessary element of his claim. *Walker v. Clearfield County District Attorney*, 413 Fed. Appx. 481, 483 (3d Cir. 2011).

To the extent that Mr. Parker seeks to hold Ms. Hallam liable for the actions of the City Police, Ms. Hallam incorporates the argument and legal authorities cited by Mayor Gainey in his learned Brief. Though, with the added caveat, that, unlike Mayor Gainey, Ms. Hallam lacks even titular authority over the conduct of the police. The "chain of command" of the City Police does not extend to Allegheny County Council, and this Honorable Court can certainly take judicial notice that Allegheny County and the City of Pittsburgh are separate, independent municipal entities.

Lastly, Mr. Parker does not state any facts showing that Ms. Hallam personally directed anyone to violate Mr. Parker's rights or acquiesced in the violation of his rights. To the contrary, as discussed, Mr. Parker claims that Ms. Hallam refused to participate in the criminal proceedings him. The factual allegations concerning the actions of Ms. Hallam are found in §§ 38 and 39 of the Second Amended Complaint, wherein Mr. Parker accuses Ms. Hallam of "bumping" into him. At most, these facts show that Ms. Hallam interacted with Mr. Parker prior to his arrest and that she was in the vicinity of that arrest. There are no facts giving rise to an inference that Ms. Hallam directed or acquiesced in his arrest. Additionally, as a member of Allegheny County Council, it is impossible for Ms. Hallam to have "acquiesced" to an arrest over which she had no authority to instigate, stop or direct. For these reasons, Mr. Parker fails to state any constitutional claims against Ms. Hallam, either directly or for the conduct of other individuals over whom she had no control or authority.

**B.    The Malicious Prosecution Against Ms. Hallam Must Fail**

Even if Mr. Parker could show Ms. Hallam was personally involved in a constitutional violation, Mr. Parker's malicious prosecution claims nonetheless fail.  Mr. Parker's malicious prosecution claim against Ms. Hallam should be dismissed because Mr. Parker has failed to plausibly argue that Ms. Hallam initiated criminal proceedings against him.  A claim for malicious prosecution at the outset requires a plaintiff to plausibly argue that a defendant initiated criminal proceedings against him.  *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020).  Prosecutors generally initiate criminal proceedings, but a police officer or other individuals "may … be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion."  *Dayoub v. Aaron*, No. 2:12-CV-1770, 2013 WL 4810382, at *8 (W.D. Pa. Sept. 9, 2013).

Presence at an arrest or tangential involvement in a prosecution does not equate to liability for malicious prosecution.  See, *Lozano v. New Jersey*, 9 F. 4th 239, 242 (3d Cir. 2021).

Ms. Hallam is accused of this claim merely because she was named as a "purported victim" in the criminal complaint filed against Mr. Parker.  This singular allegation is the only factual support for Ms. Hallam's alleged involvement in Mr. Parker's criminal prosecution.  There are no facts in Mr. Parker's Second Amended Complaint to suggest that Ms. Hallam filed criminal charges against Mr. Parker, and the facts that have been plead are decidedly to the contrary.  See, § 83(h).  Nor does Mr. Parker credibly allege that Ms. Hallam "participated" in his prosecution or provided any false information that contributed to it.

Read in its totality, the Second Amended Complaint fails to state a claim for malicious prosecution against Ms. Hallam and fails to satisfy the threshold personal involvement requirement for § 1983 claims.  Rather, Mr. Parker seeks to improperly hold Ms. Hallam responsible for actions and decision of the City Police.

**C.    There Is No Viable Civil Conspiracy Claim Against Ms. Hallam**

Mr. Parker's conspiracy claims under Section 1983 fail because Mr. Parker does not plead any facts in support of his claim that Ms. Hallam conspired to violate his constitutional rights.  To state a claim for civil conspiracy under § 1983, a plaintiff must allege facts to establish the following elements: (1) two or more persons conspire to deprive any person of constitutional rights; (2) one or more of the conspirators performs any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any

right or privilege of a citizen of the United States. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d 2018). It is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim. *DeAngelo v. Brady*, 185 F. Appx. 173, 175 (3d Cir. 2006). A claim of conspiracy, even at the pleadings stage, must allege facts that go beyond generalizations of the "approximate time when the agreement was made, the specific parties to the agreement … the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). Importantly, "mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy requirements." *Loftus v. Southeastern Pennsylvania Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

The Second Amended Complaint is void of the requisite facts to support a claim that Ms. Hallam conspired to violate his constitutional rights. As discussed above, Mr. Parker does not plead any facts to show that Ms. Hallam was involved in the decision to arrest or to prosecute him. To the contrary, Ms. Hallam proved to be instrumental in ending the criminal prosecution according to Mr. Parker at paragraph 83(h) of his pleading. The allegations fall far short of the required factual support for Section 1983 conspiracy claim and must be dismissed.

Mr. Parker's conspiracy claims under Section 1985 fail for two reasons. First, as discussed previously, Mr. Parker does not plead any facts in support of his claim that Ms. Hallam conspired to deprive him of his constitutional rights. Second, Mr. Parker does not plead any facts showing that any alleged conspiracy was motivated by Mr. Parker's race or membership in a protected class. To state a claim under Section 1985, a plaintiff must allege the following elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

The second element is dispositive; when a plaintiff fails to include facts showing he was discriminated against because of his race or membership in a class, his Section 1985 conspiracy claim must be dismissed. *See D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (finding that district court properly dismissed Section 1985 claim where

plaintiffs "failed to assert any facts from which any type of conspiratorial agreement. . . can be inferred" and failed to "establish that the alleged discriminatory policies or practices were due to plaintiffs' membership in the class of female students."); *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 506 (D. Del. 2007) (dismissing Section 1985 claim where plaintiff failed to "allege any facts from which one could infer [the Defendant] had an agreement or understanding with the other Defendants to discriminate against Plaintiff on the basis of race or class.").

As previously discussed, Mr. Parker fails to plead any facts showing Ms. Hallam was engaged in a conspiracy with other defendants. Moreover, and likewise fatal to this Section 1985 claim, Mr. Parker fails to plead facts giving rise to any inference that Ms. Hallam discriminated against him due to his race or membership in any protected class. For these reasons, Mr. Parker's 1985 conspiracy claim must be dismissed.

### D.    There Can Be No Basis for an Abuse of Process Claim Against Ms. Hallam

The averments of the Second Amended Complaint refute these claims against Ms. Hallam. To sustain an abuse of process claim under the law of Pennsylvania, a plaintiff must point to facts that show: (1) the defendant used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm was caused as a result. *Keim v. Cnty. of Bucks*, 275 F. Supp. 628, 634-35 (E.D. Pa. 2003).

Ms. Hallam, according to the facts as plead, did not use or employ any legal process against Mr. Parker. The decision to arrest and prosecute Mr. Parker was not, and could not have been, made by Ms. Hallam. Her elected position is separate and independent from that of the City Police. When Ms. Hallam learned that she had been named as a "victim" in the criminal complaint, according to Mr. Parker, she disavowed that characterization and refused to participate in the proceedings. Simply put, none of the facts in this case can possibly, even under the most liberal of constructions, support a cause of action against Ms. Hallam for this tort.

**V.    CONCLUSION**

For the foregoing reasons, Ms. Hallam requests that this Court dismiss the claims made against her in Counts I, III, VI and XII of the Second Amended Complaint.

Respectfully Submitted,

Elisabeth Bennington, Esq.
PA ID No. 85512
Brad R. Korinski, Esq.
PA ID No. 86831

Bennington Law Firm, LLC
5854 Ellsworth Avenue
Pittsburgh, PA 15232
(412) 760-7848
ebenningtion@bennington-law.com
bkorinski@bennington-law.com
Counsel for Defendant Bethany Hallam