IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | No. 2:23-cv-2102 |
| | : | |
| v. | : | **Type of Pleading:** |
| | : | |
| EDWARD C. GAINEY, et al. | : | **PLAINTIFF'S OMNIBUS BRIEF IN** |
| | : | **OPPOSITION TO DEFENDANTS'** |
| Defendants. | : | **MOTION TO DISMISS** |
| | : | |
| | : | **Filed on Behalf of:** |
| | : | |
| | : | Plaintiff |
| | : | |
| | : | **Counsel of Record for This Party:** |
| | : | |
| | : | SMT LEGAL |
| | : | |
| | : | Ryan Nye Gailey, Esq. |
| | : | P.A. ID# 329782 |
| | : | rgailey@smt.legal |
| | : | |
| | : | |
| | : | **Address:** |
| | : | SMT LEGAL |
| | : | 114 Smithfield Street |
| | : | Pittsburgh, PA 15222 |
| | : | |
| | : | **Telephone No.:** |
| | : | (412) 765-3345 |
| | : | |
| | : | **<u>JURY TRIAL DEMANDED</u>** |
| | : | |
| | : | |
| | : | |
| | : | |

# Contents

Introduction ........................................................................................................................... 4

Argument .............................................................................................................................. 5

Count 1 - Violations of the First Amendment to the United States Constitution and First Amendment

Retaliation under 42 U.S.C. 1983 ....................................................................................... 5

Mayor Gainey ................................................................................................................... 5

Councilwoman Hallam ...................................................................................................... 8

Count 3 - Malicious Prosecution - Violations of the Fourth Amendment of the United States

Constitution under 42 U.S.C. 1983 ..................................................................................... 9

Chief Scirotto ................................................................................................................. 10

Detective Gay .................................................................................................................. 11

Mayor Gainey ................................................................................................................. 12

Councilwoman Hallam .................................................................................................... 13

Count 5 - Unlawful Search and Seizure - Violations of the Fourth Amendments of the United States

Constitution under 42 U.S.C. 1983 ................................................................................... 14

Chief Scirotto ................................................................................................................. 16

Detective Ford ................................................................................................................. 16

Detective Gay .................................................................................................................. 17

Count 7 - 42 U.S.C. 1983 Monell Liability – Failure to Train/Supervise, Policy/Custom, Participation

.............................................................................................................................................. 17

City of Pittsburgh ........................................................................................................... 17

Count 9 - State Law Claim – Battery .................................................................................. 20

Councilwoman Hallam .................................................................................................... 20

Count 11 - State Law Claim – Malicious Prosecution ....................................................... 20

Chief Scirotto ................................................................................................................... 21

Detective Gay ................................................................................................................... 22

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PARKER | ) | No. 2:23-cv-2102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EDWARD C. GAINEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OMNIBUS BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

AND NOW, comes the Plaintiff, William Parker, by and through his attorneys, SMT Legal and Ryan Nye Gailey, esquire, and hereby files his response to Defendants' Motions to Dismiss as follows:

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, City of Pittsburgh and Mayor Gainey have filed a Motion to Dismiss Plaintiff's Complaint in its entirety, and Chief Scirotto, Detective Ford, Detective Gay, Detective Ferilli, and Councilwoman Hallam, have filed a Partial Motion to Dismiss Plaintiff's Complaint wherein they challenge the legal sufficiency of Plaintiff's claims. However, Defendants' arguments lack merit. Generally, Plaintiff has set forth plausible claims for relief in his Complaint that would allow this Court to draw the reasonable inference that Plaintiff's claims are viable, and that the Defendants are liable for the violations alleged therein. Plaintiff has set forth facts sufficient to allege municipal liability under Monell and various federal and state level claims.

Therefore, for the following reasons, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss and Partial Motion to Dismiss Plaintiff's Complaint in its entirety.

## ARGUMENT

The Third Circuit discussed the standard for reviewing 12(b)(6) motions when it

observed:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted*); see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 2014 U.S. App. LEXIS 6150, 6-7 (3d Cir. Apr. 3,

2014).

Mr. Parker incorporates his Second Amended Complaint in Civil Action in its entirety by

reference into each of the following responses.

## Count 1 - Violations of the First Amendment to the United States Constitution and First Amendment Retaliation under 42 U.S.C. 1983

Plaintiff has set forth viable claims against Mayor Gainey and Councilwoman Hallam, and their

motion should be denied as to Count 1 for the following reasons:

### *Mayor Gainey*

As a basis against Mr. Parker's complaint, Mayor Gainey sets forth in his motion that Mr. Parkers

claim's fail as they allege that he was not personally involved in any of the constitutional violations, that

Mr. Gainey failed to *initiate criminal proceedings against him*, and that Mayor Gainey did not engage in

the alleged retaliatory acts as the basis requesting dismissal. Mayor Gainey's reasoning fails as Mr. Parker

has satisfied his pleading requirements.

The Court of Appeals for the Third Circuit has recognized two theories of supervisory liability under 42 U.S.C. § 1983. The first is where "[i]ndividual defendants who are policymakers . . . with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir.1989). "The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Id. (*citing* Baker v. Monroe Township, 50 F.3d 1186, 1190–91 (3d Cir.1995).

Here, it is fact that Edward C. Gainey is the Mayor of the City of Pittsburgh and as such is the head policy maker. (Plaintiff's Complaint, paras. 11, 12, 22). Mr. Parker has established that Mayor Gainey was present, heard the protest, acknowledged the protest, saw and heard the confrontation between the officers and Mr. Parker, ultimately saw and heard the arrest, and acquiesced as head of policy to the arrest and prosecution of Mr. Parker. (Plaintiff's Complaint, paras. 22-55). Mr. Parker has also established that despite the City of Pittsburgh acknowledging that the First Amendment is sacrosanct on multiple occasions they have violated the same and on at least one occasion were supposed to implement additional policy to avoid arrests such as Mr. Parker's. (Plaintiff's Complaint, paras. 29, 159, 160). Mr. Gainey has failed in his duty to further establish policy protecting the First Amendment, ensure the police force is trained in the First Amendment, and has allowed the practice of *contempt of cop* arrests for First Amendment protected activity to permeate the Pittsburgh Bureau of Police. Accordingly, Mr. Parker has established a claim under the first theory of supervisor liability.

Mr. Parker has also established a claim of liability against Mayor Gainey under the second theory proposed as the person in charge, had knowledge of and acquiesced in his subordinates' violations. While a defendant cannot be liable in a § 1983 action unless he or she is personally involved in the alleged acts.

*Rode*, 845 F.2d at 1207. However, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As this Court has explained:

> This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *Id.; A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). Actual knowledge "can be inferred from circumstances other than actual sight." *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995). Acquiescence is found "[w]here a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in (i.e., tacitly assented to or accepted) the subordinate's conduct." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997).

*Festa v. Jordan*, 803 F. Supp. 2d 319, 325 (M.D. Pa. 2001) (Caputo, J.) (internal footnote omitted). Harris v. Jauregui, No. 1:20-CV-1503, 2021 WL 11108663, at *5–6 (M.D. Pa. Jan. 14, 2021), report and recommendation adopted sub nom. Harris v. Jaeregui, No. 1:20-CV-1503, 2021 WL 11108164 (M.D. Pa. Feb. 1, 2021)

Again, Mr. Parker has established that Edward C. Gainey is the Mayor of the City of Pittsburgh and as such is the head policy maker. (Plaintiff's Complaint, paras. 11, 12, 22). Mr. Parker has established that Mayor Gainey was present, heard the protest, acknowledged the protest, saw and heard the confrontation between the officers and Mr. Parker, ultimately saw and heard the arrest, and acquiesced as head of policy to the arrest and prosecution of Mr. Parker. (Plaintiff's Complaint, paras. 22-55). By failing

to intervene in a clearly baseless arrest, failing to discipline the officers involved, refer same for any investigation to an outside agency, or contact the Allegheny District Attorney's Office regarding the arrest, Mayor Gainey acquiesced to the unlawful actions of his subordinates. Plaintiff has set forth a viable claim against Mayor Gainey, and his motion should be denied as to Count 1.

### ***Councilwoman Hallam***

Mr. Parker has set forth sufficient facts to state a plausible claim against Councilwoman Hallam at Count 1. As a basis against Mr. Parker's complaint, Councilwoman Hallam sets forth in her motion that Mr. Parkers claim's fail as she is an elected official of Allegheny County City Council and not of the City of Pittsburgh, that the actions of others occurred without her influence, and that because she ultimately admitted she was not a victim she is not liable. Mayor Gainey's reasoning fails as Mr. Parker has satisfied his pleading requirements.

The Restatement (Second) of Torts, section 653, comment c, states that for purposes of a malicious prosecution claim, criminal proceedings are initiated "by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused." *Rest. 2d. of Torts* § 653. Therefore, "one who procures a third person to institute criminal proceedings against another is liable just as if he himself had initiated the proceedings." *Hess v. Lancaster Cty.*, 100 Pa.Cmwlth. 316, 514 A.2d 681, 683 (1986).


Deforte v. Borough of Worthington, 364 F. Supp. 3d 458, 488 (W.D. Pa. 2019), aff'd, 844 F. App'x 511 (3d Cir. 2021).

In his Complaint, Mr. Parker has stated that Ms. Hallam was duly elected to Allegheny County City Council and that she was appearing in a political capacity at the Juneteenth parade alongside her political ally and compatriot Mr. Gainey. (Plaintiff's Complaint, paras. 15, 15, 21-55). Further, that Ms. Hallam began elbowing him over his protected speech causing Detective Gay to then begin pushing Mr.

Parker. (Plaintiff's Complaint, paras. 38-42). Ms. Hallam's actions further drew the ire of Detectives Gay and Ford ultimately leading to his arrest. (Plaintiff's Complaint, para. 83). By initiating this chain of events, Ms. Hallam started the chain of events of Mr. Parker's arrest, knew she was a named victim in the criminal complaint, and failed for a significant amount of time to come forward and ultimately set the record straight as to Mr. Parker. (Plaintiff's Complaint, paras. 21-86). Her initiation and acquiescence until Mr. Parker was removed and incarcerated sufficiently establish Ms. Hallam's liability for the violation. Plaintiff has set forth a viable claim against Councilwoman Hallam, and her motion should be denied as to Count 1.

**Count 3 - Malicious Prosecution - Violations of the Fourth Amendment of the United States Constitution under 42 U.S.C. 1983**

Plaintiff has set forth viable claims against Chief Scirotto, Detective Gay, Mayor Gainey and Councilwoman Hallam, and their motion should be denied as to Count 3 for the following reasons:

The sum and substance of the objection to Mr. Parker's complaint from Chief Scirotto, Detective Gay, Mayor Gainey and Councilwoman Hallam can be distilled to the idea that because they did not author and execute the criminal complaint against Mr. Parker they are absolved of liability for his malicious prosecution. This position is flawed and Mr. Parker has set forth sufficient facts in his complaint which has herein been incorporated to establish a plausible claim against them.

In Wilson v. Dewees, in the July 8, 2013 memorandum, the District Court analyzed whether another police officer should be dismissed from a malicious prosecution claim because the officer had not filed the criminal complaint. The memorandum is quite clear:

While it is customarily the role of a prosecutor or the District Attorney to initiate a criminal proceeding, this fact does not shield police officers from liability for malicious prosecution claims. " 'Although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, an officer may, however, be considered to have initiated a

criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed decision.' " *Henderson v. City of Phila.,* 853 F.Supp.2d 514, 518 (E.D.Pa.2012) (quoting *Brockington v. City of Phila.,* 354 F.Supp.2d 563, 569 (E.D.Pa.2005)); *see also Marcia v. Micewski,* No. 97–5379, 1998 U.S. Dist. LEXIS 13243, at *27–28, 1998 WL 547246 (E.D.Pa. Aug. 24, 1998) ("An individual can be liable for malicious prosecution if he fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.") (internal quotation marks omitted). Wilson v. Dewees, No. CIV.A. 10-3915, 2013 WL 3432047, at *4 (E.D. Pa. July 8, 2013).

Wilson v. Dewees, 977 F. Supp. 2d 449, 458 (E.D. Pa. 2013). In the instant matter, the operative language to each of the Defendants is that an individual can be liable for malicious prosecution if he fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.

### ***Chief Scirotto***

Mr. Parker has set forth sufficient facts to state a plausible claim against Chief Scirotto at Count 3. As a basis against Mr. Parker's complaint, Chief Scirotto sets forth in his motion that Mr. Parker's claim's fail as he claims he did not participate in or otherwise influence the initiation of the proceedings at issue. Chief Scirotto's reasoning fails as Mr. Parker has satisfied his pleading requirements.

"[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention*

_Center_, 372 F.3d 572, 586 (3d Cir. 2004). There is little doubt that Chief Scirotto was present at the Juneteenth parade, that he ordered Detectives Gay and Ford to take Mr. Parker to the ground and arrest him, witnessed the violent and excessive force used by Detective's Gay and Ford, that he violently pulled Mr. Parker from the ground, and ultimately stated to Mr. Parker, "the show is over now, bitch." (Plaintiff's Complaint, paras. 43-49). Further, Chief Scirotto was aware that Mr. Parker was physically arrested and transported to jail. (Plaintiff's Complaint, paras. 50-53). These facts alone establish that he ordered, directed, participated in, had knowledge of and acquiesced in his subordinates violations of Mr. Parkers civil rights.

Further, Chief Scirotto failed to disclose exculpatory evidence to prosecutors, omitted material information from the reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute. Chief Scirotto was a direct witness of Mr. Parker's protected speech and battery by Ms. Hallam. (Plaintiff's Complaint, paras. 21-53).   Despite this he ordered and allowed a falsified affidavit of probable cause to be filed against Mr. Parker. Id. Chief Scirotto had a duty to correct to lies that Detective Ford authored and provide the truth to the prosecutor, which he failed to do. Accordingly, the Plaintiff has set forth a viable claim against Chief Scirotto, and his motion should be denied as to Count 3.

### _**Detective Gay**_

Mr. Parker has set forth sufficient facts to state a plausible claim against Detective Gay at Count 3. As a basis against Mr. Parker's complaint, Detective Gay sets forth in his motion that Mr. Parker's claim's fail as he claims he did not participate in or otherwise influence the initiation of the proceedings at issue. Detective Gay's reasoning fails as Mr. Parker has satisfied his pleading requirements.

As the same analysis in part of Chief Scirotto _infra_, Detective Gay failed to disclose exculpatory evidence to prosecutors, omitted material information from the reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute. Detective Gay was a direct

witness of Mr. Parker's protected speech and battery by Ms. Hallam. (Plaintiff's Complaint, paras. 21-53).  Detective Gay had a duty to correct to lies that Detective Ford authored and provide the truth to the prosecutor, which he failed to do. Accordingly, the Plaintiff has set forth a viable claim against Detective Gay, and his motion should be denied as to Count 3.

### _Mayor Gainey_

Mr. Parker has set forth sufficient facts to state a plausible claim against Mayor Gainey at Count 3. As a basis against Mr. Parker's complaint, Mayor Gainey sets forth in his motion that Mr. Parker's claim's fail as they allege that he was not personally involved in any of the constitutional violations, that Mr. Gainey failed to _initiate criminal proceedings against him_, and that Mayor Gainey did not engage in the alleged retaliatory acts as the basis requesting dismissal. Mayor Gainey's reasoning fails as Mr. Parker has satisfied his pleading requirements.

As discussed earlier, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations". _A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center_, 372 F.3d 572, 586 (3d Cir. 2004).

Again, Mr. Parker has established that Edward C. Gainey is the Mayor of the City of Pittsburgh and as such is the head policy maker. (Plaintiff's Complaint, paras. 11, 12, 22). Mr. Parker has established that Mayor Gainey was present, heard the protest, acknowledged the protest, saw and heard the confrontation between the officers and Mr. Parker, ultimately saw and heard the arrest, and acquiesced as head of policy to the arrest and prosecution of Mr. Parker. (Plaintiff's Complaint, paras. 22-55). By failing to intervene in a clearly baseless arrest, failing to discipline the officers involved, refer same for any investigation to an outside agency, or contact the Allegheny District Attorney's Office regarding the arrest, Mayor Gainey acquiesced to the unlawful actions of his subordinates. Plaintiff has set forth a viable claim against Mayor Gainey, and his motion should be denied as to Count 3.

### *Councilwoman Hallam*

Mr. Parker has set forth sufficient facts to state a plausible claim against Councilwoman Hallam at Count 1. As a basis against Mr. Parker's complaint, Councilwoman Hallam sets forth in her motion that Mr. Parkers claim's fail as she is an elected official of Allegheny County City Council and not of the City of Pittsburgh, that the actions of others occurred without her influence, and that because she ultimately admitted she was not a victim she is not liable. Mayor Gainey's reasoning fails as Mr. Parker has satisfied his pleading requirements.

The Restatement (Second) of Torts, section 653, comment c, states that for purposes of a malicious prosecution claim, criminal proceedings are initiated "by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused." *Rest. 2d. of Torts* § 653. Therefore, "one who procures a third person to institute criminal proceedings against another is liable just as if he himself had initiated the proceedings." *Hess v. Lancaster Cty.*, 100 Pa.Cmwlth. 316, 514 A.2d 681, 683 (1986). Deforte v. Borough of Worthington, 364 F. Supp. 3d 458, 488 (W.D. Pa. 2019), aff'd, 844 F. App'x 511 (3d Cir. 2021).

In his Complaint, Mr. Parker has stated that Ms. Hallam was duly elected to Allegheny County City Council and that she was appearing in a political capacity at the Juneteenth parade alongside her political ally and compatriot Mr. Gainey. (Plaintiff's Complaint, paras. 15, 15, 21-55). Further, that Ms. Hallam began elbowing him over his protected speech causing Detective Gay to then begin pushing Mr. Parker. (Plaintiff's Complaint, paras. 38-42). Ms. Hallam's actions further drew the ire of Detectives Gay and Ford ultimately leading to his arrest. (Plaintiff's Complaint, para. 83). By initiating this chain of events, Ms. Hallam started the chain of events of Mr. Parker's arrest, knew she was a named victim in the criminal complaint, and failed for a significant amount of time to come forward and ultimately set the record straight as to Mr. Parker. (Plaintiff's Complaint, paras. 21-86). Her initiation and acquiescence

until Mr. Parker was removed and incarcerated sufficiently establish Ms. Hallam's liability for the violation. Plaintiff has set forth a viable claim against Councilwoman Hallam, and her motion should be denied as to Count 3.

## Count 5 - Unlawful Search and Seizure - Violations of the Fourth Amendments of the United States Constitution under 42 U.S.C. 1983

Plaintiff has set forth viable claims against Chief Scirotto, Detective Ford and Detective Gay, and their motion should be denied as to Count 5 for the following reasons:

In his complaint, Mr. Parker has averred that he was engaged in political speech and protest in a traditional public forum in a peaceful manner when he was unlawfully arrested for same. (Plaintiff's Complaint, paras. 21-86). Following his arrest by Chief Scirotto, Detective Ford, and Detective Gay, Mr. Parker was transferred to the custody of Detective Ferrilli at which time his person was searched without a search warrant. (Plaintiff's Complaint, para. 50). Treating Mr. Parker's averments as true, the basis for his arrest was unlawful and thus when he was searched the warrantless search was therefore unlawful.

In Snyder v. United States, 285 F. 1, 2, the Court of Appeals, Fourth Circuit, rejected evidence obtained by an unwarranted arrest, and clearly announced some very wholesome doctrine:

'That an officer may not make an arrest for a misdemeanor not committed in his presence, without a warrant, has been so frequently decided as not to require citation of authority. It is equally fundamental that a citizen may not be arrested on suspicion of having committed a misdemeanor and have his person searched by force, without a warrant of arrest.

If, therefore, the arresting officer in this case had no other justification for the arrest than the mere suspicion that a bottle, only the neck of which he could see protruding from the pocket of defendant's coat, contained intoxicating liquor, then it would seem to follow

without much question that the arrest and search, without first having secured a warrant, were illegal. And that his only justification was his suspicion is admitted by the evidence of the arresting officer himself. If the bottle had been empty or if it had contained any one of a dozen innoxious liquids, the act of the officer would, admittedly, have been an unlawful invasion of the personal liberty of the defendant. That it happened in this instance to contain whisky, we think, neither justifies the assault nor condemns the principle which makes such an act unlawful.'

The validity of the seizure under consideration depends on the legality of the arrest.

Carroll v. United States, 267 U.S. 132, 168–69, 45 S. Ct. 280, 290–91, 69 L. Ed. 543 (1925) Chief Scirotto, Detective Ford, and Detective Gay are all members of the Pittsburgh Bureau of Police and duly sworn police officers within the Commonwealth of Pennsylvania. (Plaintiff's Complaint, paras. 3-10). At the time of the transfer to and search by Detective Ferrilli, Chief Scirotto, Detective Ford, and Detective Gay were present and witnessed the search. (Plaintiff's Complaint, paras. 21-86).

Where " 'a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under § 1983.' " *Smith v. Mensinger,* 293 F.3d 641, 650–51 (3d Cir.2002) (quoting *Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir.1986)). More specifically, if a police officer is present when another officer violates a citizen's constitutional rights, the first officer is liable under § 1983 if that officer had reason to know that a constitutional violation, such as excessive force, was being used, and that officer had "a reasonable and realistic opportunity to intervene." *Smith,* 293 F.3d at 651; *see Johnson v. De Prospo,* No. 08–1813, 2010 WL 5466255, at *4 (D.N.J. Dec. 30, 2010).

Bryant v. City of Philadelphia, 890 F. Supp. 2d 591, 601 (E.D. Pa. 2012), aff'd (Mar. 15, 2013).

### _Chief Scirotto_

Mr. Parker has set forth sufficient facts to state a plausible claim against Chief Scirotto at Count 5. As a basis against Mr. Parker's complaint, Chief Scirotto sets forth in his motion that Mr. Parker's claim's fail as he did not personally search Mr. Parker as the basis requesting dismissal. Chief Scirotto's reasoning fails as Mr. Parker has satisfied his pleading requirements.

Chief Scirotto was a member of the Pittsburgh Bureau of Police and was proffered as duly sworn police officer within the Commonwealth of Pennsylvania. (Plaintiff's Complaint, paras. 3-10). At the time of the transfer to and search by Detective Ferrilli, Chief Scirotto, was present and witnessed the search. (Plaintiff's Complaint, paras. 21-86). Accordingly, as he was a police officer who was present following an unlawful arrest he failed to intervene or prevent an unlawful search and had a reasonable and realistic opportunity to intervene.

Plaintiff has set forth a viable claim against Chief Scirotto, and his motion should be denied as to Count 5.

### _Detective Ford_

Mr. Parker has set forth sufficient facts to state a plausible claim against Detective Ford at Count 5. As a basis against Mr. Parker's complaint, Detective Ford sets forth in his motion that Mr. Parker's claim's fail as he did not personally search Mr. Parker as the basis requesting dismissal. Detective Ford's reasoning fails as Mr. Parker has satisfied his pleading requirements.

Detective Ford was a member of the Pittsburgh Bureau of Police and was proffered as duly sworn police officer within the Commonwealth of Pennsylvania. (Plaintiff's Complaint, paras. 3-10). At the time of the transfer to and search by Detective Ferrilli, Detective Ford, was present and witnessed the search. (Plaintiff's Complaint, paras. 21-86). Accordingly, as he was a police officer who was present following an unlawful arrest he failed to intervene or prevent an unlawful search and had a reasonable and realistic opportunity to intervene.

Plaintiff has set forth a viable claim against Detective Ford, and his motion should be denied as to Count 5.

### *Detective Gay*

Mr. Parker has set forth sufficient facts to state a plausible claim against Detective Gay at Count 5. As a basis against Mr. Parker's complaint, Detective Gay sets forth in his motion that Mr. Parker's claim's fail as he did not personally search Mr. Parker as the basis requesting dismissal. Detective Gay's reasoning fails as Mr. Parker has satisfied his pleading requirements.

Detective Gay was a member of the Pittsburgh Bureau of Police and was proffered as duly sworn police officer within the Commonwealth of Pennsylvania. (Plaintiff's Complaint, paras. 3-10). At the time of the transfer to and search by Detective Ferrilli, Detective Gay, was present and witnessed the search. (Plaintiff's Complaint, paras. 21-86). Accordingly, as he was a police officer who was present following an unlawful arrest he failed to intervene or prevent an unlawful search and had a reasonable and realistic opportunity to intervene.

Plaintiff has set forth a viable claim against Detective Gay, and his motion should be denied as to Count 5.

## Count 7 - 42 U.S.C. 1983 Monell Liability – Failure to Train/Supervise, Policy/Custom, Participation

Plaintiff has set forth a viable claim against the City of Pittsburgh and its motion should be denied as to Count 7 for the following reasons:

### *City of Pittsburgh*

Plaintiff has adequately pleaded Defendant City of Pittsburgh's Liability pursuant to *Monell* and its progeny. The City of Pittsburgh's motion sets forth in its motion that Mr. Parkers claim's fail as they allege that Mr. Parker's complaint does not point to any instances of similar misconduct necessary to show

that the City had a course of conduct so permanent and well settled as to virtually constitute law; that Mr. Parker's complaint fails to point to any instances of similar misconduct that would have put the City on notice that a particular omission in their training program cause[d] city employees to violate citizens' constitutional right; that Mr. Parker has failed to plead facts showing "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights; and that Mr. Parker failed to plead facts showing that any alleged City custom or its alleged failure to train and/or supervise employees was the "moving force" behind Mr. Parker's alleged constitutional injuries. reasoning fails as Mr. Parker has satisfied his pleading requirements.

"[A] municipality or other local government may be liable under [§1983] only if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Occhipinti v. Bauer*, 2016 U.S. Dist. LEXIS 38766, *21, quoting *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d, 417 (2011); *Monell v. New York Department of Social Services*, 436 U.S. 658, 692 (1978). To establish his claim, a plaintiff must identify the municipal policy or custom that caused the plaintiff's injury. *Bd. Of Cnty. Cmm'rs of Bryan Cnty., Okl. V. Brown*, 520 U.S. 397, 403 (1997); *see also Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). "A course of conduct is considered to be 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Here, Plaintiff pled that:

- His arrest was a result of a custom of the City of Pittsburgh, particularly through the Bureau of Police, disregarding constitutionally protected rights such as freedom of speech. This ongoing custom can be seen through Hackbart v. City of Pittsburgh, No. 2:07CV157, 2009 WL 10728584 (W.D. Pa. Mar. 23, 2009), wherein freedom of speech was blatantly ignored despite training, the 2018 arrests of peaceful protesters during the 2018 Antwon Rose protests whereafter then Mayor Peduto called for police reform regarding protests, and the 2020 protest arrests Rulli et al. v. City

of Pittsburgh et al. - 2:20-cv-00965 wherein the Bureau of Police again disregarded its polices and arrested peaceful protesters. As part of the resolution of Rulli et al. v. City of Pittsburgh et al. - 2:20-cv-00965 the City of Pittsburgh was to provide policies and procedures and to train its police officers on same regarding peaceful protestors. (Plaintiff's Complaint, para 159).

- The continual conscious disregard of protesters' right of freedom of speech constitutes a custom within the City of Pittsburgh and the City of Pittsburgh Bureau of Police. (Plaintiff's Complaint, para 160).

- In the instant matter, the arrest of Mr. Parker was ordered by the Chief law enforcement officer of the Pittsburgh Bureau of Police, Defendant Scirotto. Further, the arrest was ignored and glossed over by the Chief Executive Officer of the City of Pittsburgh, Defendant/Mayor Gainey. (Plaintiff's Complaint, para 162).

- Through their actions and inactions, Defendants Scirotto and Gainey showed deliberate indifference to the deprivation of rights of freedom of speech and unlawful arrest demonstrating a continued pattern and practice within the City of Pittsburgh. (Plaintiff's Complaint, para 164).

Thus, Plaintiff's Complaint clearly sets forth allegations identifying the custom that led to his injuries.

Additionally, it is well-settled law that an entity to be liable for its failure to train its employees when "[a] municipality's failure to train its employees in a relevant respect amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). In his Complaint, Plaintiff alleged that the City of Pittsburgh has a duty to properly train, control discipline and/or supervise its employees, officers and agents, including Defendants, Scirotto, Ford, and Gay, to prevent the use of excessive force and protect First Amendment protected speech, and that it failed in that duty. (Plaintiff's Complaint, paras. 21-55 & 154-166). Thus, Plaintiff has also sufficiently pled facts which properly call into question The City of Pittsburgh's execution of its duties to properly train, discipline and control its officers under *Monell*.

Courts in our Circuit have noted that, "[w]hether [Plaintiff] will be able to establish that the [governmental body's] custom, practice, or policy was the moving force behind Defendants' actions is not a question presently before the court; rather, ***the inquiry on a motion to dismiss is whether [Plaintiff] has adequately alleged a basis for holding these entities liable***." *Allen v. Pa. SPCA,* 488 F. Supp. 2d 450, 462-463 (M.D. Pa. 2007) (emphasis supplied). Accordingly, and in light of the precedent cited above and the facts pled in Plaintiff's Complaint, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Complaint.

**Count 9 - State Law Claim – Battery**

Plaintiff has set forth a viable claim against Councilwoman Hallam and her motion should be denied as to Count 9 for the following reasons:

### ***Councilwoman Hallam***

Mr. Parker has set forth sufficient facts to state a plausible claim against Councilwoman Hallam. Ms. Hallam's motion to dismiss in paragraph six subsection d identifies Count IX but then states Abuse of Process Claims. Mr. Parker has willfully concede the Abuse of Process Claim but out of an abundance of caution asks that any objection to Count 9 – Battery be denied. Ms. Hallam's own brief in Section IV. Argument admits that the intentional tort of battery does not lend itself to a 12(b) motion to dismiss. Accordingly, Mr. Parker requests that any motion as to Count 9 for Ms. Hallam be dismissed.

**Count 11 - State Law Claim – Malicious Prosecution**

Plaintiff has set forth viable claims against Chief Scirotto and Detective Gay and their motion should be denied as to Count 11 for the following reasons:

The sum and substance of the objection to Mr. Parker's complaint from Chief Scirotto and Detective Gay, can be distilled to the idea that because they did not author and execute the criminal complaint against Mr. Parker they are absolved of liability for his malicious prosecution. This position is

flawed and Mr. Parker has set forth sufficient facts in his complaint which has herein been incorporated to establish a plausible claim against them.

As the elements of the federal and state law claims for malicious prosecution are substantially similar it is unnecessary to repeat the law previously discussed and the law and argument of Count III – Malicious Prosecution is hereby incorporated by reference.

### *Chief Scirotto*

Mr. Parker has set forth sufficient facts to state a plausible claim against Chief Scirotto at Count 11. As a basis against Mr. Parker's complaint, Chief Scirotto sets forth in his motion that Mr. Parker's claim's fail as he claims he did not participate in or otherwise influence the initiation of the proceedings at issue. Chief Scirotto's reasoning fails as Mr. Parker has satisfied his pleading requirements.

"[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004). There is little doubt that Chief Scirotto was present at the Juneteenth parade, that he ordered Detectives Gay and Ford to take Mr. Parker to the ground and arrest him, witnessed the violent and excessive force used by Detective's Gay and Ford, that he violently pulled Mr. Parker from the ground, and ultimately stated to Mr. Parker, "the show is over now, bitch." (Plaintiff's Complaint, paras. 43-49). Further, Chief Scirotto was aware that Mr. Parker was physically arrested and transported to jail. (Plaintiff's Complaint, paras. 50-53). These facts alone establish that he ordered, directed, participated in, had knowledge of and acquiesced in his subordinates violations of Mr. Parkers civil rights.

Further, Chief Scirotto failed to disclose exculpatory evidence to prosecutors, omitted material information from the reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute. Chief Scirotto was a direct witness of Mr. Parker's protected speech and

battery by Ms. Hallam. (Plaintiff's Complaint, paras. 21-53).  Despite this he ordered and allowed a falsified affidavit of probable cause to be filed against Mr. Parker. Id. Chief Scirotto had a duty to correct to lies that Detective Ford authored and provide the truth to the prosecutor, which he failed to do. Accordingly, the Plaintiff has set forth a viable claim against Chief Scirotto, and his motion should be denied as to Count 11.

### ***Detective Gay***

Mr. Parker has set forth sufficient facts to state a plausible claim against Detective Gay at Count 11. As a basis against Mr. Parker's complaint, Detective Gay sets forth in his motion that Mr. Parker's claim's fail as he claims he did not participate in or otherwise influence the initiation of the proceedings at issue. Detective Gay's reasoning fails as Mr. Parker has satisfied his pleading requirements.

As the same analysis in part of Chief Scirotto *infra*, Detective Gay failed to disclose exculpatory evidence to prosecutors, omitted material information from the reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute. Detective Gay was a direct witness of Mr. Parker's protected speech and battery by Ms. Hallam. (Plaintiff's Complaint, paras. 21-53).  Detective Gay had a duty to correct to lies that Detective Ford authored and provide the truth to the prosecutor, which he failed to do. Accordingly, the Plaintiff has set forth a viable claim against Detective Gay, and his motion should be denied as to Count 11.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motions to Dismiss Plaintiff's Complaint as to Counts 1, 3, 5, 7, 9, 11, and 12 in their entirety or in the alternative the Plaintiff be permitted to amend his complaint to include additional facts as to any Motion to Dismiss at any count. Plaintiff intends to withdraw Count 6 in its entirety, and Counts 3, 8, and 11 as to Detective Ferrilli.

Respectfully submitted,

SMT LEGAL

Date: November 14, 2024

/s/Ryan Nye Gailey
Ryan Nye Gailey, Esquire
*Attorney for Plaintiff*
PA ID No. 329782
114 Smithfield Street
Pittsburgh, PA 15222
rgailey@smt.legal