**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WILLIAM PARKER,                          )
                                         )
      Plaintiff,                  )        Hon. J. Nicholas Ranjan
                                         )
      v.                          )        2:23-cv-2102-NR
                                         )
EDWARD GAINEY, et al.,                   )        JURY TRIAL DEMANDED
                                         )
      Defendants.                 )

**REPLY BRIEF IN SUPPORT OF THE CITY DEFENDANTS' MOTIONS TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

**I.    Introduction**

Mr. Parker's response to Mayor Gainey, Chief Scirotto, Detective Gay, Detective Ford, and Detective Ferrilli's motions to dismiss (ECF No. 58) essentially argues that because these individuals were employed by the City and present at the event where Mr. Parker was arrested, they are liable for any alleged constitutional violation that occurred during his arrest and subsequent prosecution, regardless of who inflicted it. These are de facto *respondeat superior* claims made under the guise of "supervisory liability" and "failure to intervene" constitutional claims. The facts pleaded in Mr. Parker's Second Amended Complaint do not support these claims, and they should be dismissed with prejudice.

Additionally, Mr. Parker continues to rely exclusively on legal conclusions to support his custom and failure-to-train theories of *Monell* liability against the City. Once these legal conclusions are disregarded, Mr. Parker's Second Amended Complaint is devoid of facts showing that the City had an unconstitutional custom,

1

failed to train its employees, or caused Mr. Parker's alleged constitutional injuries. For this reason, this Court should also grant the City Defendants' motions to dismiss with prejudice.

## II.   ARGUMENT

   A.   <u>Mr. Parker has not sufficiently pleaded Mayor Gainey's "personal involvement" in any constitutional violations under a theory of supervisory liability.</u>

Mr. Parker attempts to circumvent the lack of facts showing Mayor Gainey's personal involvement in any alleged constitutional violations by arguing he has adequately stated his claims against Mayor Gainey under two different theories of supervisory liability. However, the facts in Mr. Parker's Second Amended Complaint show this is not so – Mayor Gainey "ignored" Mr. Parker and instructed a police officer to "leave [Mr. Parker] alone." *Id.* ¶¶ 26, 83(d). These facts cannot support an inference that Mayor Gainey is liable under a theory of supervisory liability.

Mr. Parker argues that he has stated claims against Mayor Gainey for malicious prosecution and First Amendment retaliation under two theories of supervisory liability. ECF No. 58 at 5-6, 12. The first theory requires Mr. Parker to plead facts showing that Mayor Gainey was a policymaker who, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (internal quotations omitted) (quoting *Stoneking v. Bradford Area Sch. Dist.,* 882 F.2d 720, 725 (3d Cir. 1989)).

The second theory requires Mr. Parker to plead facts showing Mayor Gainey "participated in violating [Mr. Parker's] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.* "Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor." *Morrison v. Varano*, No. 3:20-CV-0061, 2020 WL 865421, at *2 (M.D. Pa. Feb. 20, 2020). Allegations of acquiescence to a constitutional violation "must be made with appropriate particularity[.]" *Id.*; *see, e.g.*, *Santiago v. Warminster Twp.*, 629 F.3d 121, 132 (3d Cir. 2010) (dismissing claim for supervisory liability against a defendant officer who was alleged to have "permitted the use of excessive force" because allegation was "nothing more than a conclusory statement that he acquiesced in his subordinates' violations.").

With respect to the first theory of supervisory liability, Mr. Parker does not plead any facts showing that Mayor Gainey "established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *See A.M. ex rel. J.M.K.*, 372 F.3d at 586. Mr. Parker does not point to any policy, practice, or custom regarding First Amendment rights or prosecution without probable cause that Mayor Gainey established or maintained, let alone one that caused his alleged constitutional injuries. *See* ECF No. 43, generally. Accordingly, Mr. Parker fails to state a claim against Mayor Gainey under a policy, practice, or custom theory of supervisory liability.

Likewise, with regard to the second theory of supervisory liability, Mr. Parker has not pleaded any facts showing that Mayor Gainey had knowledge of and acquiesced to a subordinate's constitutional violations. *See A.M. ex rel. J.M.K.*, 372 F.3d at 586. The only fact pleaded with respect to Mayor Gainey's knowledge is that "Mayor Gainey was present and had knowledge that Mr. Parker was being arrested and his rights violated by Defendant Scirotto." ECF No. 43 ¶ 167. This is insufficient to show acquiescence; it is merely a recitation of one element – knowledge – of the standard for supervisory liability. *See Santiago*, 629 F.3d at 132.

Not only does Mr. Parker fail to plead facts showing acquiescence – he pleads facts to the contrary. When legal conclusions are disregarded, the only facts regarding Mayor Gainey's alleged "involvement" in the constitutional violations at issue are as follows: (1) Mayor Gainey was present at the parade where Mr. Parker protested (ECF No. 43 ¶¶ 22-25); (2) Mayor Gainey "chose to ignore Mr. Parker" (*id.*, ¶ 26); and Mayor Gainey instructed Detective Ford to "leave [Mr. Parker] alone." *Id.* ¶ 83(d). Even taken as true, these facts do not show that Mayor Gainey acquiesced to any violation of Mr. Parker's constitutional rights. They show that Mayor Gainey was merely present at the same event as Mr. Parker, and in fact, *discouraged* the very interactions that Mr. Parker claims resulted in his constitutional injuries.

For these reasons, Mr. Parker fails to show Mayor Gainey's personal involvement in any constitutional violations under a theory of supervisory liability, and all claims against Mayor Gainey should be dismissed with prejudice.

B.      Mr. Parker asks this Court to draw unreasonable, impermissible inferences against Chief Scirotto and Detective Gay to bolster his malicious prosecution claim against them.

Federal pleading standards require a court to "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Hartlaub v. Manufacturers & Traders Tr. Co.*, No. 1:20-CV-910, 2021 WL 780761, at *1 (M.D. Pa. Mar. 1, 2021) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018)). Courts are not required, however, to "draw unreasonable inferences from the facts." *Id.*; *see Thomas v. Rijos*, 780 F. Supp. 2d 376, 387 (D.V.I. 2011) (quoting *Simmons v. United Mortg. and Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

Chief Scirotto and Detective Gay have argued that Mr. Parker's malicious prosecution claim should be dismissed because there are no facts showing that they initiated a criminal proceeding against Mr. Parker or otherwise participated in the initiation of a criminal proceeding against Mr. Parker. ECF No. 49 at 4-6. In response, Mr. Parker argues that Chief Scirotto is liable for malicious prosecution under a supervisory theory of liability because he ordered Mr. Parker to be arrested. ECF No. 58 at 10-11. He further alleges Chief Scirotto "failed to disclose exculpatory evidence to prosecutors, omitted materials from reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." *Id.* at 58.

These are unreasonable inferences to be drawn from the facts pleaded in Mr. Parker's Second Amended Complaint, which alleges that Chief Scirotto ordered Mr. Parker to be arrested and assisted in his arrest. ECF No. 43 ¶¶ 43, 44, 48. Arrest is not tantamount to initiation of a criminal proceeding, and Mr. Parker cites to no authority holding that it is. Indeed, "an officer does not initiate a criminal proceeding simply by arresting someone." *Mills v. City of Philadelphia*, No. 14-593, 2023 WL 6520488, at *12 (E.D. Pa. Oct. 5, 2023) (collecting cases). Moreover, the Second Amended Complaint is devoid of any facts that Chief Scirotto ordered Detective Ford to initiate a proceeding, authored any reports relative to this incident, or had any contact with prosecutors. In fact, it is devoid of any facts that Chief Scirotto was even aware that a criminal proceeding was initiated. *See* ECF No. 43, generally. This Court should not draw the unreasonable inference that because Chief Scirotto ordered Mr. Parker's arrest, he was involved in his prosecution. Accordingly, this Court should dismiss the malicious prosecution claim against Chief Scirotto.

Mr. Parker likewise asks this Court to draw the same unreasonable inferences with respect to Detective Gay. Mr. Parker alleges that Detective Gay is liable for malicious prosecution because he "failed to disclose exculpatory evidence to prosecutors, omitted material information from the reports, and interfered with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute." ECF No. 58 at 10. He further alleges that Detective Gay had a duty to "correct the lies that Detective Ford authored" in the criminal complaint. *Id.* However, Mr. Parker's Second Amended Complaint contains no facts that Detective

Gay authored any reports relative to this incident, had any contact with prosecutors, or was aware that the affidavit authored by Detective Ford contained incorrect information. *See* ECF No. 43, generally. Like Chief Scirotto, Detective Gay is only alleged to have been involved in Mr. Parker's arrest, not his prosecution. *Id.* ¶¶ 43-47. Accordingly, this Court should dismiss the malicious prosecution claim against Detective Gay.

> C. <u>Mr. Parker has not stated a claim for unlawful search and seizure against Chief Scirotto, Detective Ford, and Detective Gay under a failure-to-intervene theory of liability.</u>

Mr. Parker argues that even though he has not pleaded facts showing that Chief Scirotto, Detective Ford, and Detective Gay personally searched Mr. Parker's person, they are nonetheless liable under a failure-to-intervene theory. ECF No. 58 at 14-17. However, this is not a cognizable theory of liability in the Third Circuit. *Lozano v. New Jersey*, 9 F.4th 239, 246 n. 4 (3d Cir. 2021) (explaining that the Third Circuit has not extended failure-to-intervene claims beyond excessive force claims to false arrest claims); *see Ogrod v. City of Philadelphia*, 598 F. Supp. 3d 253, 273 (E.D. Pa. 2022) (while it "is clear that there is such a duty [to intervene] in connection with an excessive force violation, there is simply no clear authority that such a duty exists in other contexts."). Because the Third Circuit has never extended the duty to intervene to scenarios involving the search of a plaintiff's person and the seizure of items from their person, Mr. Parker's claim against Chief Scirotto, Detective Ford, and Detective Gay fails. Accordingly, this Court should dismiss Mr. Parker's search and seizure claim against these defendants with prejudice.

D.  Mr. Parker only points to legal conclusions in support of his *Monell* claim.

The City has argued that Mr. Parker has failed to plead facts in support of his *Monell* claim, including a pattern of similar incidents of constitutional violations necessary to adequately state a custom or failure-to-train theory of municipal liability. ECF No. 45 at 1-11. The City has also argued that Mr. Parker has failed to plead facts showing a causal connection between a City custom or failure and his alleged injuries. *Id.* at 11-12. In response, Mr. Parker simply reiterates legal conclusions from the Second Amended Complaint and further concludes that the allegations "clearly identify[ ] the custom that led to his injuries" and "properly call into question [the City's] execution of its duties to properly train, discipline, and control its officers[.]" ECF No. 58 at 18-19.

However, Mr. Parker fails to plead facts showing similar instances of constitutional violations that constitute a custom of "disregard of protestors rights." *Id.* at 19; ECF No. 43 ¶¶ 159-160. He similarly fails to plead facts showing a pattern of constitutional violations that would have put the City on notice of a deficiency in its training program. ECF No. 58 at 19; ECF No. 43 ¶¶ 156-161. Finally, Mr. Parker fails to plead any facts that the City's customs or failures caused his injuries; he simply concludes that they did and offers no response to the City's argument in this regard. ECF No. 43 ¶¶ 16, 159; ECF No. 58 at 17-20. For these reasons, Mr. Parker's *Monell* claim against the City should be dismissed with prejudice.

## III.    DISMISSAL WITH PREJUDICE

The City Defendants respectfully request that this Court grant their respective motions to dismiss with prejudice. According to the Third Circuit, "dismissals with prejudice may be appropriate where a party refuses to file an amended complaint or if the repleading does not remedy the Rule 8 violation[.]" *Alston v. Parker*, 363 F.3d 229, 234 n.7 (3d Cir. 2004); *see Congelio v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ.*, No. 2:21-CV-902, 2022 WL 103284, at \*5 (W.D. Pa. Jan. 11, 2022) (Ranjan, J.) (dismissing amended complaint where the plaintiff "ha[d] already amended his complaint to try to remedy his untimely EEOC filing, to no avail.").

Mr. Parker has now been afforded two opportunities to amend his complaint. He nonetheless requests an additional opportunity to "include additional facts" in his complaint should the Court grant the motions to dismiss. ECF No. 58 at 22. Though Mr. Parker was initially *pro se* in this action, Mr. Parker has been represented by counsel for the filing of his First Amended Complaint and Second Amended Complaint. ECF Nos. 33, 43. Counsel for the City Defendants has conferred with counsel for Mr. Parker twice about the pleading deficiencies identified in the City Defendants' motions to dismiss. ECF No. 41 ¶ 11; ECF Nos. 44-2, 46-2, and 48-1. Mr. Parker has not remedied the deficiencies identified, and dismissal with prejudice is appropriate at this juncture.

## IV.    CONCLUSION

For the foregoing reasons, the City, Mayor Gainey, Chief Scirotto, Detective Ford, Detective Gay, and Detective Ferrilli respectfully request that this Court grant

their motions to dismiss at ECF No. 44 (the City's motion to dismiss), ECF No. 46

(Mayor Gainey's motion to dismiss), and ECF No. 48 (Chief Scirotto and Detective

Ford, Gay, and Ferrilli's partial motion to dismiss).

> Respectfully submitted,
>
> KRYSIA KUBIAK
> City Solicitor
>
> */s/ Hillary M. Weaver*
> Hillary M. Weaver, Esquire
> Assistant City Solicitor
> PA I.D. No. 322545
> City of Pittsburgh Department of Law
> 313 City-County Building
> 414 Grant Street
> Pittsburgh, PA  15219
> (412) 255-2014
> hillary.weaver@pittsburghpa.gov
> *Counsel for Defendants the City of*
> *Pittsburgh, Edward Gainey, Larry*
> *Scirotto, Kerry Ford, Michael Gay, and*
> *Lawrence Ferrilli*

-